No. 12337

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

H. H. CAIN and ISLA CAIN,

Plaintiffs and Respondents,

-vs-

ANDY HARRINGTON,

Defendant and Appellant.

---

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Bennett and Bennett, Bozeman, Montana
Lyman Bennett Jr. argued, Bozeman, Montana

For Respondents:

Holter and Heath, Bozeman, Montana
Robert M. Holter argued, Bozeman, Montana

---

Submitted: January 23, 1973

Decided: FEB 2 1 1973

Filed: FEB 2 1 1973

Thomas J. Kearney
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from the district court of Gallatin County. Plaintiffs brought this action to recover possession of Lot 123, Rainbow Subdivision, Gallatin County, Montana, and rental. Defendant counterclaimed, claiming a contract to purchase the land in question and asked for specific performance of the contract and a money judgment. The jury verdict was for defendant and the judgment ordered conveyance and money judgment. Plaintiffs moved for a new trial or judgment notwithstanding the verdict. The district court ordered a new trial and from that order defendant appeals.

Two issues are presented by appealing defendant. First, can the district court grant plaintiffs' motion for a new trial or for judgment notwithstanding the verdict after the expiration of the time specified by Rule 59(d), M.R.Civ.P.? Second, did the district court commit error in granting the plaintiffs' motion for a new trial after the money judgment had been satisfied?

In regard to the first issue, the motion made by plaintiffs' counsel in this matter was in the alternative in that the motion asked for judgment notwithstanding the verdict or for a new trial. These two motions are provided for by Rule 50(b) and Rule 59(d), M.R.Civ.P. These rules clearly indicate that the court shall rule and decide a motion for new trial or a motion for judgment notwithstanding the verdict within fifteen days after the motion is submitted.

The record discloses that the judgment was entered on the jury verdict on May 4, 1972. The motions were filed on May 10, 1972, noticed for hearing on May 15, 1972. On May 10 the hearing was continued and set for May 30. On that day the hearing

- 2 -

was had, the motions were argued and the court granted to June 19, 1972, to submit briefs.

Plaintiffs' brief was not filed until July 10, 1972, and on that same day the court granted a new trial.

Plaintiffs contend that due to the fact that the judge of the district court from whose order granting a new trial this appeal was taken, made a certificate on October 12, 1972, filed in this Court on October 20, 1972, to the effect that some time subsequent to May 30, 1972, and before June 19, 1972, on telephonic request of Robert M. Holter, attorney for plaintiffs, who stated that he wished to append to his brief a portion of the transcript of Harrington's testimony and who certified further the transcript was not available because the court reporter was hospitalized and would not return to work until July 5, 1972. Accordingly, the court orally extended time for filing of such brief and time for submission until ten days after return of the court reporter. No notice of this telephonic extension was given to defendant until service of copy of the court's certificate on October 19, 1972, being the day before it was filed in this Court with the plaintiffs' brief.

Rule 59(d), M.R.Civ.P., provides that the hearing shall be had within ten days after the motion has been served, except that the court may continue the hearing for not to exceed thirty days. In case it is continued it shall be the duty of the court to hear the same at the earliest practicable date thereafter, and the court shall rule upon and decide the motion within fifteen days after it is submitted. If the court fails to rule upon the motion within that time the motion shall be deemed denied.

The Advisory Committee's note to this section refers to the confusion by reason of ambiguous language in the previous statute, the necessity of researching the case decisions under

the statute spelling out the jurisdictional time limits, the effect thereof, and that it was felt that by incorporating the practice under this rule that it would be easier for the practitioner to comply.

We believe the purpose of the rule should be adhered to and while we do not wish to be technical, at the same time we cannot permit deviations.

In this case the court did, by the order of May 10, 1972, continue the hearing on the plaintiffs' motion for new trial which had been noticed by counsel for plaintiffs to be heard on May 15, 1972, to the date of May 30, 1972, at 10:00 a.m., as appears from the minutes of the court.

As shown by the court minutes of May 30, 1972, the motion for new trial came on regularly to be heard that day, the motion was made, resisted by counsel for defendant and fully argued.

This hearing was had some twenty days after the motion for new trial was filed on May 10, 1972.

Further, on May 30, 1972, the trial court made an order that briefs were to be submitted Monday, June 19, 1972, at which time the minutes show as follows:

> "The matter will then be deemed submitted to the Court and by the Court taken under advisement."

The time to which the court continued the matter for submission of briefs was beyond the time permitted by Rule 59(d), M.R.Civ.P. The court had already continued the matter for fifteen days by the time the hearing was had on May 30, 1972, that fifteen days being the time beyond the date specified in the notice of motion, and twenty days further until June 19, 1972, would constitute continuance of thirty-five days.

The language of the last paragraph of Rule 59(d), M.R.Civ.P. is interesting in this connection and is as follows:

- 4 -

"If the motion is not noticed up for hearing and no hearing is held thereon, it shall be deemed denied as of the expiration of the period of time within which hearing is required to be held under this Rule 59."

The record of the district court contains no indication anywhere as to when the telephone conversation mentioned in the certificate of the judge occurred. No notice was given to counsel for defendant of any such extension of time. No showing of any filing of any portion of the transcript mentioned in the certificate of the judge has been made and the brief as filed by plaintiffs was completely outside the time permitted for the determination of the motion and contains no reference to any transcript of any evidence that was introduced in the trial of this action.

The certificate of the district judge filed with the plaintiffs' brief indicates the judge extended the time for submission of the cause to an indefinite time, i.e., ten days after return of the court reporter. According to the Montana Rules of Civil Procedure, no judge may disregard the requirements as set forth in Rule 59.

In view of our holding on the first issue there is no necessity to discuss the second issue presented.

The district court being in error in granting plaintiffs' motion for new trial its order is reversed and set aside and the judgment entered on May 4, 1972 is affirmed.

_____
                                Chief Justice

We concur:

_____

_____

_____

_____
Associate Justices

- 5 -