No. 14746

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

GAIL BURKE OSTER,

Petitioner and Appellant,

and

CHARLES EDWARD OSTER,

Respondent and Respondent.

Appeal from: District Court of the Sixteenth Judicial District,
Honorable Alfred B. Coate, Judge presiding.

Counsel of Record:

For Appellant:

Stephens Law Firm, Billings, Montana
William B. Dunn, Miles City, Montana

For Respondent:

Cecil N. Brown, Terry, Montana
Gene Huntley, Baker, Montana

Submitted on briefs: November 7, 1979

Decided: FEB 14 1980

Filed: FEB 1 1980

_Thomas J. Kearney_
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by a wife contesting the District Court's distribution of marital property, the denial of her motion for a new trial, the denial of her motion for temporary maintenance pending trial and pending appeal, and the ordering of each party to pay his or her own attorney fees.

The husband and wife were married in Miles City, Montana, on November 6, 1965. The wife was from New Jersey and the husband had been a lifelong resident of Montana. At the time of marriage the husband was 33 years old and the wife was 29. The wife brought two children to the marriage, Eric, then age 5 1/2, and Sharyl, then age 3. The husband treated Eric and Sharyl as though they were his own children. The parties had two additional children who were born as issue of the marriage.

Prior to the marriage the husband farmed land owned by his parents under a lease-share arrangement. At the time of the marriage the husband had acquired approximately 130 head of cattle. He also had $20,000 to $26,000 in bank deposits and notes receivable as well as some farm and ranch equipment.

During the course of the marriage the husband purchased from his parents a portion of the land which he had been farming. He continued leasing the other portion of the farm. In addition the husband had a remainderman's interest in the mineral rights to some of the land. His mother had the life estate.

There is conflicting testimony as to the amount of work which the wife performed in assisting the husband in farming and ranching operations. She did, however, some milking of cows, some cooking for hired help, and some gardening. There is no dispute that the wife did the housework and helped keep some books, as well as caring for the children. In 1970 the ranching operation was incorporated. The husband received approximately 95% of the

corporate stock and the wife received the remainder.

In the divorce action both parties requested custody of the two minor children of the parties. Additionally, the husband sought custody of Sharyl, the daughter of the wife. Eric had reached the age of majority. The trial court awarded the custody of all three of the minor children to the husband and this aspect of the District Court's order is not contested by the wife.

After the trial the wife was examined by psychologists in Miles City who rendered a diagnosis of paranoid schizophrenia. A guardian was appointed for the wife. She was involuntarily committed to a psychiatric ward in Billings and later to the Warm Springs State Hospital from which she has now been released.

In the findings of fact the District Court made the following findings pertinent to a property settlement agreement: The property had been essentially accumulated by the husband prior to marriage. The wife made no initial contribution to the ranch property. The wife's contribution to the marital estate was for 9 of the 13 years of marriage; that the wife should receive her share of the property in cash as a division of the ranch would result in two uneconomical units; that the wife had received a 5.075% share of the family corporation in 1970; that the net value of the land was $295,090; that the value of the husband's interest in the mineral rights on the land was worth $15,000; that the net worth of the Oster Corporation was $76,427.89; that the husband had acquired $93,157.90 worth of cash, savings and notes since the beginning of the marriage; and that the wife was entitled to 9.135% of these amounts, or $43,909.73.

The District Court reasoned that the 1970 division of corporate stock, which gave the wife 5.075%, indicated that the wife's contribution was worth 1.015% interest in the operation per year. The District Court further reasoned that the wife only

- 3 -

contributed to the marriage until 1974, for a total of 9 of the 13 years of marriage. Consequently the wife was entitled to 9 X 1.015 or 9.135% of the values listed above. The wife also received the inheritance from her parents (about $7,000), certain personal property such as furniture and kitchen utensils, a coin collection and jewelry which together were worth approximately $4,800.

On January 3, 1979, the wife filed a combined motion for a new trial or alternatively for a motion to amend the findings and conclusions. On January 25, these motions were repeated. Many reasons were given by the wife's counsel as to why their motions should have been granted, but only one of those reasons need be discussed here. The wife's attorneys contended that the wife was incompetent at the time of trial due to mental illness; therefore she was entitled to a new trial because this amounted to newly discovered evidence. The District Court denied the motions.

The following issues are presented on appeal:

(1) Did the District Court err in its distribution of marital property?

(2) Did the District Court abuse its discretion in denying the wife's motion for a new trial or in the alternative to amend findings and conclusions?

(3) Did the District Court abuse its discretion in denying the wife's motions for temporary maintenance and attorney fees pending trial, or for temporary maintenance, attorney fees and costs and payment of medical expenses pending appeal?

This Court has considered numerous cases in recent years dealing with the distribution of property following a divorce pursuant to section 40-4-202, MCA. The scope of our review has been consistently stated as follows:

> "'The criteria for reviewing the district court's discretion is: Did the district court in the

- 4 -

exercise of its discretion act arbitrarily without employment of conscientious judgment, or exceed the bounds of reason in view of all the circumstances.'" Kramer v. Kramer (1978), ___ Mont.___ , at ____, 580 P.2d 439, at 442, 35 St.Rep. 700, at 704.

Section 40-4-202, MCA, provides that the court in apportioning marital property must consider several factors. In the findings of fact in the instant case, these various factors are listed by the District Court. Consequently, we know that the District Court was aware of these factors when the apportionment was made. In its final disposition of the property, the District Court followed the statute. The wife was awarded 9.135% of the Oster Corporation and other marital assets for a total of $43,909.73. She also received approximately $4,800 worth of jewelry and coins and $7,000 from her mother's estate. The husband received custody of the three minor children, thereby relieving the wife of any financial obligation to support them. Applying the Kramer test we find no abuse of discretion in the District Court's division of the marital property.

The wife next alleges that the District Court abused its discretion by denying her motion for a new trial. This motion was based upon the discovery that the wife was mentally ill. She claimed that this was newly discovered evidence which entitled her to a new trial pursuant to section 25-11-120(4), MCA.

On January 3, 1979, the wife's attorneys filed a combined motion for new trial or to amend the findings and conclusions. On January 25, the wife filed an amended motion which was essentially the same as the January 3 motion. Briefs were filed by both parties on the amended motion and hearing was set for February 7. Due to the weather at that time the District Court judge was unable to get to the hearing. The matter was continued until March 19, 1979, at which time the hearing was held.

The District Court held that the motion for a new trial

could not be granted because the time limit, which Rule 59(d),
M.R.Civ.P. provides for a hearing, had expired. Rule 59(d) says
that a hearing on a motion for a new trial shall be had within
10 days after the motion has been served, except that the court
may continue the hearing not to exceed 30 days. If the court
fails to rule upon the motion within the time given under Rule 59(d),
then the motion shall be deemed denied. In the present case, the
motion was made on January 25, but the hearing was not had until
March 19. This is more than the time allowed under the rule.

In Cain v. Harrington (1973), 161 Mont. 401, 506 P.2d 1375,
this Court considered Rule 59 in a similar context. We stated:

> "We believe the purpose of the rule should be
> adhered to and while we do not wish to be tech-
> nical, at the same time we cannot permit
> deviations." 161 Mont. at 404.

The District Court in the present case was correct in rul-
ing as it did. The District Court had no jurisdiction to grant a
new trial under Rule 59.

The wife alleges that the District Court erred in not
granting temporary maintenance and other costs pending trial and
pending appeal pursuant to section 40-4-106(1), MCA. The District
Court made no decision on the matter until the findings of fact
and conclusions of law were issued. The court ordered that each
party pay his or her own attorney fees and costs. The property
division was to be an alternative to a future maintenance award.

The language of section 40-4-106(1), MCA, clearly indicates
that the award of temporary maintenance is discretionary with
the District Court. In the present case, there was no abuse of
this discretion. Prior to trial there was no indication that the
wife was unable to support herself through appropriate employment.
In addition, she had at her disposal approximately $4,800 worth
of coins and jewelry.

The wife also moved for temporary maintenance pending

- 6 -

appeal. The District Court denied this motion also.

It is not disputed by the parties that the wife was suffering financial hardship pending appeal. She had not, however, attempted to execute upon her share of the marital estate which amounted to over $43,000. Her attorneys asserted that an execution upon this amount would deprive her of the right to appeal. The District Court disagreed and refused to grant temporary maintenance pending appeal.

In Ferguson v. Town Pump, Inc. (1978), ____Mont.____, 580 P.2d 915, 918, 35 St.Rep. 824, at 827, this Court set out the general rule that a litigant may not accept the benefit of a judgment and at the same time appeal that judgment. In the Ferguson case, however, we noted an exception to this rule where the reversal of a judgment cannot possibly affect an appellant's right to the benefit accepted under the judgment. That is the situation in this case. The husband is not contesting the amount of the award. From the record it is apparent that he never did indicate a dissatisfaction with the award. On appeal the wife is insisting that her share of the marital estate should have been larger. The husband is asking that the District Court's judgment be affirmed. He is not asking for a reduction. As was stated by one authority:

> "Applying the rule that where the only question on appeal is whether the recovery should be greater than that allowed by the trial court, the acceptance of the amount adjudged due is not inconsistent with the claim that the judgment is not large enough, and the appeal may be maintained . . ." 29 ALR3d 1184, 1209.

Because the only possible issue on remand would be an increase in the wife's share of the marital estate, she could have collected the judgment and preserved her right to appeal. Consequently, there was no abuse of discretion in denying wife's motion for temporary maintenance. For the same reason there was no abuse of discretion in refusing to grant attorney fees to the wife.

Affirmed.

_Frank I. Haswell_
Chief Justice

We concur:

_Gene B. Daly_

_John Conway Harrison_

_____

_John C. Sheehy_

Justices