No. 81-556

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

JOHN WALLINDER,

Plaintiff and Respondent,

-vs-

GLENN LAGERQUIST, et al.,

Defendants and Appellants.

Appeal from: District Court of the Eighth Judicial District,
In and for the County of Cascade, The Honorable
H. William Coder, Judge presiding.

Counsel of Record:

For Appellants:

Paul & Paul; John P. Paul, Great Falls, Montana

For Respondent:

Asselstine & Cruikshank, Great Falls, Montana

Submitted on Briefs: July 2, 1982

Decided: November 10, 1982

Filed: NOV 10 1982

Thomas J. Kearney
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from the order of the District Court of the Eighth Judicial District for the County of Cascade in which the court concluded that defendant, Grace Marchwick, had been personally served so the court had personal jurisdiction over her, and in which the court denied defendants' Rule 60(b) motion to vacate default judgment because of mistake, inadvertence, surprise and/or excusable neglect, because the court lacked jurisdiction. We affirm the District Court.

John Wallinder (plaintiff) filed an original complaint which alleged that he was employed as a truck driver by the defendant, Glenn Lagerquist, either individually or as an authorized agent of one or more of the named defendant corporations. The defendants, Donald Marchwick and Grace Marchwick (Marchwicks), were not named as parties defendant in the original complaint. The original complaint alleged that plaintiff was to be paid 20 percent of the amount received by various of the defendants plus expenses incurred in the operation of a truck. Plaintiff also alleged a demand for payment and refusal to pay. In response to the original complaint, Lagerquist, pro se, filed an answer in behalf of all of the defendants (not including Marchwicks). The answer contained denials, allegations of payments, and ultimately concluded by claiming a balance due plaintiff of $75.09. Plaintiff then made a motion for judgment on the pleadings but did not call that motion up for consideration, so it was not ruled upon by the court.

On April 24, 1982, plaintiff filed an amended complaint with allegations substantially identical to those in the original complaint, with the exception that it added the Marchwicks as parties defendant and added the following paragraph:

> "That Donald Marchwick and Grace Marchwick, either individually or as joint tenants, or as tenants in common, own 49 percent of the issued and outstanding capital shares of Western Automotive Sales and Service, Inc. [one of named defendants]."

By order dated May 13, 1981, the District Court authorized the filing of the amended complaint. Service was made personally on the Marchwicks on May 26, 1981, although Grace Marchwick contested the personal service. Request to enter default was filed on June 17, 1981. Default judgment was entered against only defendants Marchwicks on June 18, 1981, in the amount of $5,572.20, plaintiff's costs and disbursements of $112, and attorney's fees of $1,142.50, making a total of $6,826.70. No judgment was entered as to any of the other named defendants.

On June 25, 1981, seven days after the entry of default judgment, defendants Marchwicks, moved the court for an order vacating the default judgment under Rule 60(b)(1), M.R.Civ.P., for the reasons of mistake, inadvertence, surprise and/or excusable neglect, and also moved for an order setting aside the judgment against Grace Marchwick for the reason that she was not properly served. By order dated June 26, 1981, the District Court set the motion for hearing on July 6, 1981. Rule 60(c) provides that motions under Rule 60(b) are to be heard and determined within the times provided by Rule 59. Rule 59 requires a hearing on a motion to be had in ten days after it has been served. In this case, the tenth day from June 26, 1981, fell on a Sunday so that July 6, 1981, was proper under Rule 6(a). By stipulation, the court entered its order of July 6, 1981, continuing the hearing on Marchwicks' motion to July 17, 1981. By order dated July 17, 1981, the District Court stated that the motion had been previously set for hearing on July 17, but there being a conflict in the court's calendar, the matter was vacated and reset for October 7, 1981. On October 7, a hearing was held with testimony being presented and by order dated October 20, 1981, the District Court found that Grace Marchwick was personally served with a copy of the summons and complaint. The court further ordered that the motion of the Marchwicks for relief under Rule 60(b) was denied as the court lacked jurisdiction to grant such relief because the time for hearing pursuant

to Rule 59 had passed prior to the hearing date. By notice of appeal dated November 12, 1981, Marchwicks appealed the October 20, 1981, order.

The issues are:

(1) Did the District Court err in denying Marchwicks' Rule 60(b) motion to vacate the default judgment?

(2) Did the District Court err in finding that Grace Marchwick had been personally served and that the court had personal jurisdiction over her?

Unfortunately, neither counsel for the parties nor the lower court complied with the express requirements of Rules 60(b) and 59. The result is that the default judgment will stand without trial on the merits. The motion of the Marchwicks under Rule 60(b) was sufficient in form. In pertinent part, Rule 60(b) provides:

> "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for the following reasons:
>
> "(1) mistake, inadvertence, surprise, or excusable neglect . . ."

The time requirements are set forth in Rule 60(c) which provides:

> "Motions provided by subdivisions (a) and (b) of this rule shall be heard and determined within the times provided by Rule 59 in the case of motions for new trials . . ."

The key provisions on time as to this case, are set forth in Rule 59(d) as follows:

> "Hearing on the motion shall be had within 10 days after it has been served . . . except that at any time after the notice of hearing on the motion has been served the court may issue an order continuing the hearing for not to exceed 30 days. In case the hearing is continued by the court, it shall be the duty of the court to hear the same at the earliest practicable date thereafter . . . If the court shall fail to rule upon the motion within said time, the motion shall, at the expiration of said period, be deemed denied.
>
> ". . .
>
> "If the motion is not noticed up for hearing and no hearing is held thereon, it shall be deemed denied as of the expiration of the period of time within which hearing is

required to be held under this Rule 59."
(Underscoring added.)

In this case, the Marchwicks properly made their motion and served the same, with hearing initially set for July 6. That hearing was continued to July 17, using eleven of the thirty days allowed under Rule 59 for a continuance. On July 17, the District Court had the power under Rule 59 to continue again for a maximum of nineteen days, but instead continued the hearing to October 7. By waiting until October 7, counsel and the District Court placed the motion beyond the jurisdiction of the court.

This case is similar to Oster v. Oster (1980), _____ Mont. _____, 606 P.2d 1075, 37 St.Rep. 264. In Oster a hearing was set for February 7. Due to weather, the District Court was unable to get to the hearing and the matter was continued to March 19, at which time the hearing was held. In holding that the motion could not be granted (in the Oster case the motion was for a new trial, but was controlled by Rule 59), this Court said:

> "Rule 59(d) says that a hearing on a motion for a new trial shall be had within ten days after the motion has been served, except that the court may continue the hearing not to exceed 30 days. If the court fails to rule upon the motion within the time given under Rule 59(d), then the motion shall be deemed denied. In the present case, the motion was made on January 25, but the hearing was not had until March 19. This is more than the time allowed under the rule.
>
> "In Cain v. Harrington (1973), 161 Mont. 401, 506 P.2d 1375, this Court considered Rule 59 in a similar context. We stated:
>
> "'We believe the purpose of the rule should be adhered to and while we do not wish to be technical, at the same time we cannot permit deviations.' (Citation omitted.)
>
> "The District Court in the present case was correct in ruling as it did. The District Court had no jurisdiction to grant a new trial under Rule 59." (Underscoring added.) 606 P.2d at 1078, 37 St.Rep. at 267-268.

In this case we find a directly comparable fact situation. The District Court here continued the hearing to October 7 and counsel concurred in that order. When the time allowed for a continuance under Rule 59 expired, the District Court lost its

jurisdiction to grant the motion, regardless of its view of the validity of the reasons urged. In another recent case of difficulty with these rules, Winn v. Winn (1982), _____ Mont. _____, _____ P.2d _____, 39 St.Rep. 1831, 1835-1836, this Court stated with regard to the matter of jurisdiction:

> "That the parties may have stipulated the jurisdiction of the District Court, or may have agreed not to raise the question of lack of jurisdiction, does not confer jurisdiction on the District Court to decide a case beyond the time limitations expressly provided by Rule 59, M.R.Civ.P. Marvel Brute Steel Building v. Bass (1980), ___ Mont. ___, 616 P.2d 380, 37 St.Rep. 1670. A court which lacks jurisdiction cannot acquire it by consent of the parties. Corban v. Corban (1972), 161 Mont. 93, 504 P.2d 985."

In the present case, following the improper order continuing the motion to October 7, the hearing was held and the court did make its order denying the motion dated October 20, 1981. That is comparable to <u>Marvel Brute Steel Bldg.</u> where the court stated:

> "Even though the trial court issued an order on May 15, 1979 denying the defendants' motion for a new trial, the order was a nullity because it was issued after the time had expired under Rule 59, within which to rule on a motion for new trial. We have repeatedly held that the time and procedural limitations for post-judgment motions under Rule 59 are mandatory (citations omitted)." 616 P.2d at 382, 37 St.Rep. at 1672.

In a similar fashion, the order of October 20, 1981, also was a nullity, as it was beyond the jurisdictional power of the court to make that order.

We therefore find in the present case that on July 6, the District Court had the authorization to continue the hearing for a period not to exceed thirty days. As a result, when the thirty day period ended on August 5, 1981, under Rule 59(d), as interpreted by this Court, the motion was deemed denied. At that point, Rule 5, Mont.R.App.Civ.P. applies. Rule 5 states:

> "The time within which an appeal from a judgment or an order must be taken shall be 30 days from the entry thereof . . .
>
> "The running of the time for filing a notice of appeal is suspended as to all parties by a timely motion filed in the district court by any party pursuant to the Montana Rules of

Civil Procedure hereafter enumerated in this sentence, and the full time for appeal fixed by this rule commences to run and is to be computed from mailing by the clerk of notice of the entry of any of the following orders made upon a timely motion under such rules: . . . (3) granting or denying a motion under Rule 59 to alter or amend the judgment."

As pointed out by this Court in <u>Marvel Brute Steel Bldg.</u> a motion for new trial or a motion to vacate a default judgment under Rule 60(b) made pursuant to Rule 59(d) stops the running of the thirty day period for an appeal. The thirty day period starts running after the trial court has entered its order denying the motion after hearing. In the absence of a determination by the court within the time periods involved, the motion is considered or deemed denied, and the appeal time starts running. Here the appeal time started running on August 5 and terminated thirty days thereafter. The result is that the appeal was not filed within the allowable time period and this Court does not have jurisdiction to hear the appeal.

<u>Warning</u>. We renew the warning previously stated in recent cases by this Court. Attorneys and District Courts must keep in mind the very real risks involved in the application of Rules 59 and 60, M.R.Civ.P. These rules are significantly different from the companion rules in the Federal Rules of Civil Procedure. The Montana Rules are much stricter. As demonstrated here, a failure to comply results in a loss of jurisdiction and inability of the trial court and this Court to consider questions raised on the merits.

This case demonstrates the possibly inequitable results from a failure to comply with these rules: The complaint against the Marchwicks in substance stated only that they were 49 percent stockholders in a defendant corporation, but otherwise failed to state a claim for relief against the Marchwicks; the affidavits filed in behalf of the Marchwicks indicated that Mr. Marchwick had advised Lagerquist promptly upon service of summons and complaint, and Lagerquist had advised Mr. Marchwick that he would take care of handling all of the matters required; and further

- 7 -

that both Mr. and Mrs. Marchwick signed an answer prepared by Lagerquist which was not filed in this case, but which led the Marchwicks to believe that everything had been taken care of; default judgment was entered only against the Marchwicks and not the other defendants, raising a question as to the equity of this action; and finally the District Court obviously thought it had the power to continue the hearing to October and having done so without opposition by counsel, the jurisdiction of the court was eliminated.

In the second issue plaintiff argues that the evidence in behalf of Grace Marchwick shows that she had not been personally served and that as a result the District Court did not gain personal jurisdiction over her. The District Court reached its conclusion that Grace Marchwick had been properly served only after a hearing in which the District Court acted as the finder of fact, following the presentation of testimony and other evidence in behalf of both sets of parties. The standard of review is set forth in Rule 52(a), M.R.Civ.P., as follows:

> "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

The transcript does disclose a direct contradiction in the evidence on the question of service. However, there is substantial evidence in the record to support the finding of personal service. As a result, we conclude that this finding of fact on the part of the District Court cannot be set aside because it is not clearly erroneous.

We therefore close with the warning that Rules 59 and 60 must be carefully followed by counsel and the trial courts, otherwise additional cases will be dismissed without trial on the merits.

Affirmed.

_____
Justice

We Concur:

_Frank I. Haswell_
Chief Justice

_John Conway Harrison_

_Gene B Daly_

_John C. Sheehy_
Justices