JUSTICE COTTER
dissents.
¶32 I dissent. In granting summary judgment, the District Court made an erroneous conclusion of law which we have perpetuated. This conclusion is noted-but not further analyzed-in ¶ 11 of our Opinion, where we state: ‘The District Court concluded that the local district court rule to contact the trial court regarding matters under advisement for more than 30 days did not impose a mandatory duty on Karl.” In fact, the District Court went on to conclude that no duty at all arose from the rule. We in turn affirm the District Court. I submit that this conclusion is incorrect, and that its correct resolution would change our decision.
¶33 At the outset, it is important to note that there were two separate and distinct failures on the part of Karl that were alleged by Danny. The first was Karl’s failure to invoke the local rule and remind the judge to rule on his Rule 52 and 59 post-trial motions. Had Karl provided the reminder and a timely order for new trial been granted, then the ensuing appeal would have been the responsibility of Danny’s former wife, and not Danny. The second alleged error was Karl’s failure to file a notice of appeal once the court failed to timely rule. The onus of appeal in this instance would have been on Danny and not his *260 former wife. Thus, the consequences stemming from the two alleged failures are radically different. It is with these dissimilar consequences in mind that I analyze our decision to affirm the District Court’s order of summary judgment for Karl on his failure to invoke the local rule.
¶34 By affirming the District Court’s summary judgment order on Karl’s failure to follow the local rule and remind the court to timely rule on the Rule 52 and 59 motions, we have in effect said that no actionable breach of duty can arise from an attorney’s failure to follow the local court rules; in essence, as long as the rule is not mandatory, an attorney cannot be negligent for failing to follow it. I disagree, for two reasons. First, we ignore our long-standing rule that, even if the violation of a statute does not constitute negligence per se, such violation may nevertheless be considered as evidence of negligence. Nehring v. LaCounte (1986), 219 Mont. 462, 468, 712 P.2d 1329, 1333. Recently, in Massee v. Thompson, 2004 MT 121, ¶ 60, 321 Mont. 210, ¶ 60, 90 P.3d 394, ¶ 60, we held that the district court erred in concluding that, because a statute imposed no mandatory duty on the defendant, its violation could not support a verdict of negligence. We said that a violation of a statute could be evidence of negligence, even if such violation is not necessarily negligence per se. Massee, ¶¶ 33,60. The same is true here. Karl’s admitted violation of a court rule of which he had knowledge-whether that rule is mandatory or not-is clearly evidence of negligence.
¶35 Second, the obligation to ensure timely disposition of a Rule 59 motion is well-known to every competent practitioner. We have repeatedly warned lawyers over the years of the dangers of failing to comply with the mandatory requirements of Rule 59. In Wallinder v. Lagerquist (1982), 201 Mont. 212, 219, 653 P.2d 840, 843, we even captioned the cautionary paragraph of our Opinion with this opening word: Warning. In Johnson v. Eagles Lodge Aerie 3913 (1997), 284 Mont. 474, 480, 945 P.2d 62, 65, we “renew[ed] our warning that counsel must carefully follow Rules 59 and 60 ....’’Karl had notice of this well-known obligation to prompt the court and admitted at one point that his failure to do so was in fact malpractice. See above, ¶ 8. I therefore disagree with this Court’s unspoken but apparent conclusion that the District Court was correct when it held that because the local rule was not mandatory, Karl cannot have been negligent for failing to follow it. Under these circumstances, I would conclude the opposite: Karl was negligent.
¶36 Moreover, Karl’s negligence was the cause of Danny’s “Bleak House,” as the Court calls it. See above, ¶ 4. Judge Cybulski, who eventually-though untimely-granted Danny’s motion for new trial, *261 filed an affidavit indicating that had he been reminded of the 60-day time limitation, he would have completed his order granting a new trial in timely fashion. Thus, had Karl invoked the local rule, the order granting Danny’s motion for a new trial would have been entered in accordance with the requirements of Rules 52 and 59, M.R.Civ.P.
¶37 Returning now to my opening comment, the significance of a timely order for new trial, had one been entered, cannot be overstated. If any appeal would be taken from that order, it would have been incumbent on Danny’s former wife, and not Danny, to file it. Moreover, because we review a district court’s order granting a new trial for manifest abuse of discretion, Schuff v. Jackson, 2002 MT 215, ¶ 14, 311 Mont. 312, ¶ 14, 55 P.3d 387, ¶ 14, it is highly likely we would have deferred to the District Court’s findings of fact and order for new trial favoring Danny.
¶38 This Court states at ¶ 15 of its Opinion, ‘if Danny’s appeal would have succeeded in reversing the trial court’s judgment and ultimately obtained a more favorable result, then Danny indeed sustained damages stemming from Karl’s negligence.” I agree with this statement-had Karl been diligent, and a timely order for new trial been entered, Danny’s former wife would have borne the burden on appeal and Danny likely would have prevailed. Thus, he indeed sustained damages stemming from Karl’s negligence.
¶39 I would conclude that Karl was negligent in failing to timely remind the court to rule on his post-trial motions. This being so, I would conclude that but for Karl’s negligence, Danny would have been granted his new trial, and any appeal from that order would have likely been favorable to him. Because I would analyze this case from the standpoint of Danny as the prevailing party on the motion for new trial, I disagree with the Court’s decision to review for an abuse of discretion the District Court’s original findings of fact and conclusions of law that were adverse to Danny.
¶40 In sum, I would conclude that Karl was negligent, and that his negligence caused Dannys damages. I would therefore reverse and remand for trial on the issue of Danny’s damages. I dissent from our refusal to do so.