No. 13781

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

DOUGLAS R. KELLY and BETTY
LYNN KELLY, husband and wife,

Plaintiffs and Appellants,

-vs-

SELL & SELL PAINT CONTRACTORS, a
Montana corporation, d/b/a THE COLOR SHOP,

Defendants and Respondents.

---

SELL & SELL PAINT CONTRACTORS, a
Montana Corporation, d/b/a COLOR SHOP,

Counter-Plaintiffs,

-vs-

DOUGLAS R. KELLY and BETTY LYNN KELLY,
husband and wife, and BIG TIMBER BUILDING
LOAN ASSOCIATION, a Montana Corporation,

Counter Defendants.

---

Appeal from:   District Court of the Sixth Judicial District,
               Honorable Jack D. Shanstrom, Judge presiding.

Counsel of Record:

   For Appellants:

      Lee Overfelt argued, Billings, Montana

   For Respondents:

      Josephson and Fredricks, Big Timber, Montana
      Conrad Fredricks argued, Big Timber, Montana

---

Submitted:   October 6, 1977

Decided:   FEB 1 - 1978

Filed:   FEB 1 - 1978

_Thomas J. Kearney_ Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Plaintiffs appeal from a judgment entered in Sweet Grass County where the District Court granted defendant's motion to amend findings of fact and conclusions of law. The amended judgment allowed defendant to recover the damaged carpeting which the court had found the defendant to have negligently installed in the palintiffs' home.

This case turns on a procedural question, and accordingly, a detailed recitation of the facts giving rise to this litigation is not necessary.

On September 15, 1975, plaintiffs Douglas R. and Bette Lynn Kelly filed an action against Sell & Sell Contractors, d/b/a The Color Shop, alleging damages resulting from negligent installation of carpeting in the Kelly home. The defendant, Sell & Sell Contractors, had previously filed a mechanic's lien, and it counterclaimed seeking foreclosure of the mechanic's lien. Before the Kellys filed suit they had made substantial payments on the purchase price of the carpeting, which included the costs of installation.

A nonjury trial was completed on August 5, 1976, and on October 6, 1976, the District Court entered findings of fact and conclusions of law, whereby it found that the carpeting had been negligently installed, granted the Kellys damages for negligent installation, and denied Sell & Sell's counterclaim for foreclosure of the mechanic's lien. Judgment was entered on October 13, 1976 for an amount to compensate the Kellys for the cost of removal of the old carpeting and the installation of replacement carpeting. The judgment did not specify which party was entitled to the damaged carpeting.

On November 5, 1976, Sell & Sell moved to either have their

proposed findings of fact and conclusions of law substituted for those entered by the District Court, or alternatively, to amend the court's findings and conclusions and judgment to allow them to remove and retain the carpeting found to have been improperly installed. Pursuant to notice, a hearing was held on November 10, 1976. Thirty-six days later, on December 16, 1976, the District Court amended its findings and conclusions to allow Sell & Sell to remove and salvage the carpeting that was to be replaced. The Kellys appeal from the amended judgment.

The Kellys contend that the time to amend the judgment had expired before the District Court entered its amended judgment, and therefore, the court was without jurisdiction to enter the judgment. They also contend that it was improper for the District Court to allow salvage to Sell & Sell because it was never pleaded in mitigation as an affirmative defense. We reverse on the first issue, and therefore, it is unnecessary to discuss the second.

Rule 59, M.R.Civ.P., covers motions for new trial and amendment of judgment and provides that the same time periods prevail whether the motion is one for a new trial or one to alter or amend the judgment. Rule 59(d), M.R.Civ.P., provides in relevant part:

> " * * * the Court shall rule upon and decide the motion within 15 days after the same is submitted. If the court shall fail to rule upon the motion within said time, the motion shall, at the expiration of said period, be deemed denied."

Rule 59(g), M.R.Civ.P., covers a motion to alter or amend judgment and provides specifically:

> " * * * This motion shall he heard and determined within the time provided hereinabove with respect to a motion for a new trial."

Accordingly, it is mandatory that a District Court rule on either a motion for a new trial or a motion to alter or amend the judgment within 15 days after the case has been submitted. Here, it failed to do this. The case was submitted on November 10, 1976, and the

ruling came on December 16, 1976, some thirty-six days later. At the end of the fifteenth day, the motion, by operation of law (Rule 59(d)), was deemed denied. It was error for the District Court to rule on this motion after the expiration of fifteen days.

It is true this rule may in some cases, work harsh results, but it is perhaps more important that the public have the expectation and right to finality of judgments. This can only be accomplished when there is a cut-off time for a District Court to rule. In Armstrong v. High Crest Oil, Inc. (1974), 164 Mont. 187, 196, 520 P.2d 1081, this Court held:

> "The time and procedural limitations for motions subsequent to judgment set out in Rule 59, M.R.Civ.P., are mandatory. (Citing cases.) * * *"

These time limitations were strictly enforced in Cain v. Harrington (1973), 161 Mont. 401, 404, 506 P.2d 1375, and Leitheiser v. Montana State Prison (1973), 161 Mont. 343, 505 P.2d 1203.

It is true the above cases did not involve the same kind of factual circumstances as exist in this case--that is, a delayed ruling on a motion that has been timely noticed and heard. However, it is clear from the rule that once the motion has been submitted, it must be determined within in 15 days thereafter or be deemed denied. A party who does not receive a ruling within 15 days is, of course, still entitled to appeal from the original judgment.

Accordingly, we hold that the District Court was without authority to amend the findings of fact and conclusions of law. The amended judgment is reversed, and the court is ordered to reinstate the original judgment.

_____
Justice

We Concur:

_____
Chief Justice

_____
_____
Justices                    -4-