No. 81-353

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

DONALD H. LERUM ex ux,

                    Plaintiffs,

    vs.

JOHN E. LOGUE,

                    Defendant.

* * * * *

JOHN E. LOGUE,

                    Third Party Plaintiff, Respondent,

    vs.

MARILYN S. SMITHSON a/k/a
MARILYN SUE MORRIS,

                    Third Party Defendant, Appellant.

Appeal from: District Court of the Eleventh Judicial District,
             In and for the County of Flathead
             Honorable James M. Salansky, Judge presiding.

Counsel of Record:

    For Appellant:

        LaRue Smith, Great Falls, Montana

    For Respondent:

        Richard DeJana, Kalispell, Montana

    For Plaintiff:

        Measure and Ogle, Kalispell, Montana

Submitted on briefs: December 17, 1981

Decided: May 13, 1982

Filed: MAY 13 1982

_Thomas J. Kearney_
                          Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

We are compelled to dismiss this appeal from the Flathead County District Court because the notice of appeal was not filed within the time permitted by Rule 5, M.R.App.Civ.P.

After the Flathead County District Court entered a May 22, 1980 judgment in a contract action against Marilyn Sue Morris, she moved the court under Rule 60(b)(4), M.R.Civ.P., to vacate that judgment for being void. Logue's counsel was served by mail with a copy of this motion on May 22, 1981, and the motion was filed with the District Court on May 26, 1981. On June 3, 1981, the court set a hearing on the motion for June 30, 1981, and on June 24, 1981, sent counsel for both parties notice of this hearing. After the June 30, 1981 hearing, the court received a written brief from Morris on July 13, 1981, and granted Logue until July 24, 1981, to file a responsive brief. The court denied Morris' motion to vacate the judgment on July 28, 1981. Morris then filed her notice of appeal with the District Court on August 3, 1981.

Briefs have been filed by counsel for both parties and the motion to dismiss has been submitted for decision. Rule 60(c), M.R.Civ.P., provides that motions made under Rule 60(b), M.R.Civ.P., are to be heard and determined within the time limits provided by Rule 59, M.R.Civ.P. In turn, Rule 59(d), M.R.Civ.P., provides that the District Court shall hold a hearing and rule upon the motion within ten days after the motion has been served. If the court fails to rule upon the motion within that time, the motion shall be deemed denied at the expiration of those ten days.

Here, Morris' motion was served on May 22, 1981, and the hearing was set for June 30, 1981. From the time the motion was served until the time the motion was heard, 39

-2-

days had elapsed. The District Court had no jurisdiction to rule upon this motion after the expiration of ten days, and therefore, the motion is deemed denied on June 1, 1981.

Morris then had 30 days from the date her motion was deemed denied under Rule 59(d), M.R.Civ.P., in which to file her notice of appeal with the District Court. Rule 5, M.R.App.Civ.P.; Leitheiser v. Montana State Prison (1973), 161 Mont. 343, 505 P.2d 1203. Accordingly, we hold that Morris' time for filing this appeal started June 1, 1981, and expired 30 days thereafter, on July 1, 1981.

While we have acknowledged that this rule may, in some cases, work harsh results, we have also emphasized that the public has the right to the expectation of finality of judgments. Kelly v. Sell & Sell Paint Contractors (1978), 175 Mont. 440, 574 P.2d 1002. The time and procedural limitations for motions subsequent to judgment set out in Rule 59, M.R.Civ.P., are mandatory and are strictly enforced.

See, for example, Oster v. Oster (1980), ____ Mont. ____, 606 P.2d 1075, 37 St.Rep. 264; Britton v. Burlington Northern, Inc. (1979), ____ Mont. ____, 601 P.2d 1192, 36 St.Rep. 1956; Kelly v. Sell & Sell Paint Contractors, supra; Sikorski & Sons, Inc. v. Sikorski (1973), 162 Mont. 442, 512 P.2d 1147; Leitheiser, supra; Cain v. Harrington (1973), 161 Mont. 401, 506 P.2d 1375.

Because Morris did not timely file her notice of appeal, the respondent's motion to dismiss this appeal is granted.

_Daniel J. Shea_
Justice

-3-

We Concur:

_____
　　　Chief Justice

_____

_____

_____
　　　　Justices