No. 90-376

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

JERRY R. BECHHOLD, Petitioner and Appellant,

vs.

MARCI ANN CHACON, Respondent and Respondent.

FILED

APR 18 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
               In and for the County of Gallatin,
               The Honorable Mark P. Sullivan, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      Jerry R. Bechhold, Pro se

      For Respondent:

      Jon M. Hesse, Livingston, Montana


Submitted: April 4, 1991

Decided: April 18, 1991

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

Jerry R. Bechhold appeals from an order and judgment entered in the District Court, Eighteenth Judicial District, Gallatin County, dissolving the parties' marriage and granting Marci Chacon Bechhold custody of the minor child. We reverse the District Court.

The issue presented for review is whether the District Court properly set aside its earlier order dismissing the marital dissolution proceeding before entering the dissolution decree.

Appellant Jerry Bechhold initiated dissolution of marriage proceedings on June 15, 1988. He obtained temporary custody of the parties' minor child at that time. A hearing in the dissolution matter was held on January 29, 1990. Temporary custody of the minor child was transferred to the respondent, Marci Chacon, and all other matters pertaining to the dissolution were taken under advisement. At the time of the hearing, all parties had resided in California in excess of six months.

On January 31, 1990, Bechhold filed a motion to dismiss the dissolution proceeding in Montana. In his supporting brief, he stated that California was the proper forum under the Uniform Child Custody Act, since the child had resided in California for more than six months. Bechhold then attempted to initiate the dissolution proceedings in California. His initial attempt was unsuccessful. On February 23, 1990, the California court declined

to exercise jurisdiction while an action was still pending in Montana.

A brief in opposition to the motion to dismiss was filed by Chacon on February 12, 1990. Chacon argued that Bechhold had chosen the Montana forum, and only now wished to change it after receiving an adverse ruling in the custody matter. On March 6, 1990, the District Court ordered the case dismissed with prejudice.

Chacon filed a motion to set aside the order to dismiss on March 12, 1990. Meanwhile, Bechhold informed the California court on March 14, 1990, that the action had been dismissed in Montana. Both parties attended the hearing in the California court on April 20, 1990. Chacon appeared with her California counsel. At that hearing, the court determined that the parties should share the custody of the child. All other dissolution matters were continued until June 11, 1990.

Chacon's Montana counsel served notice on April 14, 1990, that the hearing on the motion to set aside the order dismissing with prejudice would take place on May 4, 1990. Bechhold did not respond, and the telephone conference hearing was rescheduled for May 7. Again, Bechhold did not respond, despite numerous attempts to contact him by telephone and mail. On May 25, 1990, the District Court granted Chacon's motion to set aside the order of March 6, 1990, dismissing the dissolution proceedings. The court then entered Findings of Fact, Conclusions of Law, Dissolution Decree

3

and Judgment. The Judgment awarded sole custody of the child to Chacon. This appeal resulted.

Bechhold maintains that the District Court was without jurisdiction to enter its Order and subsequent Findings of Fact, Conclusions of Law and Judgment. He states that because the court did not act on the March 12, 1990 motion to set aside the order of dismissal for 74 days following its filing, it effectively denied the motion, pursuant to Rule 60(c), M.R.Civ.P. Appellant argues that the Order of dismissal with prejudice thereby remained in full effect and that jurisdiction was irrevocably lost once the California court assumed jurisdiction.

The basis on which the District Court set aside the March 6, 1990 Order is Rule 60, M.R.Civ.P, which allows for relief from an order. Rule 60(b) states in pertinent part:

> On motion or on such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
> * * * *
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;...or (6) any other reason justifying relief from the operation of the judgment.

Chacon's motion was timely. However, Rule 60(c) states:

> Motions provided by subdivision (b) of this rule shall be determined within the times provided by Rule 59 in the case of motions for new trials and amendment of judgment and if the court shall fail to rule on the motion within the 45 day period, the motion shall be deemed denied.

4

The maximum amount of time the court is allowed to rule on such a motion is 45 days from when it is filed. This Court has determined that to be a mandatory time limit. Lerum v Logue, 198 Mont 194, 645 P2d 418 (1981).

In State Department of Revenue v Frank, 226 Mont 283, 735 P2d 290 (1987), this Court held that a district court had jurisdiction after 48 days had elapsed between the motion for relief from judgment and the hearing on the motion. In that case, the Court stated:

It is, however, provided in Rule 60(b) that the rule

> "...does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as may be required by law..."

The time limitation in Rule 60(c) must be read in light of the principle set out in Rule 60(b), which provides for such an independent action. The residual power of the District Court therein preserved is a complete reservation of the District Court's independent power. Its purpose is to protect equity by "not enforcing a judgment obtained against the public conscience." (Cites omitted). The residual power portion of Rule 60(b) was enacted particularly to prevent an injustice. For that reason, we hold that Kenneth's motion to set aside enforcement of an unserved warrant of distraint was an independent action, and thus is not subject to the 45 day time limitation of Rule 60(c), M.R.Civ.P.

This case is factually different from Frank. That case dealt with a situation where the party was not given notice by being personally served. In this case, Chacon asserts she was not served

5

with the motion to dismiss. However, Chacon's counsel responded to Bechhold's motion by filing a brief in opposition and did not complain that proper service had not been made. The District Court made its decision after both parties had briefed the matter. Clearly there was notice. The exception in <u>Frank</u> would not, therefore, apply in this case. The time limit set out in Rule 60(c) would apply. The motion to set aside the earlier order was entered on March 12, 1990. However, the Court failed to rule on the motion for 73 days following its filing. This Court has stated that upon the completion of the 45 day time limit, the motion is considered denied and jurisdiction is lost over that issue. In re Marriage of Miller, 238 Mont 108, 776 P2d 1218 (1989). In this case, the court lost jurisdiction by April 26, 1990, well before the time for the first hearing on the motion to set aside.

We find that the District Court was without jurisdiction to set aside the Order of dismissal dated March 6, 1990, and therefore was without jurisdiction to enter the Dissolution, Findings of Fact and Conclusions of Law of May 25, 1990. For these reasons we reverse the judgment entered for Chacon on May 25, 1990, and vacate the Findings, Conclusions and Judgment of that date, and reinstate the order of dismissal dated March 6, 1990.

_____
Justice

6

We concur:

John Conway Harrison

William E Hunt

P.C. McDonough

Fred J Weber

Justices