No. 91-058

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF

CALVIN DEANE BROWN,

       Petitioner, Appellant,
       and Cross-Respondent,

  and

SANDRA LEE BROWN,

       Respondent and Cross-Appellant.


APPEAL FROM:   District Court of the Twentieth Judicial District,
               In and for the County of Lake,
               The Honorable C. B. McNeil, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

           James C. Bartlett, Hash, O'Brien & Bartlett,
           Kalispell, Montana


       For Respondent/Appellant:

           Linda Osorio St. Peter, Worden, Thaine &
           Haines, Missoula, Montana; Paulette Ferguson,
           Attorney at Law, Missoula, Montana

FILED

AUG 6 – 1992

Filed:

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  March 12, 1992

Decided:  August 6, 1992

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Sandra Lee Brown appeals from an order of the Twentieth Judicial District Court, Lake County, declaring its January 9, 1991, order vacating the distribution of marital property portion of the original marriage decree void.

We affirm.

Sandra raises several issues for our consideration. However, we find the following issue to be dispositive.

Did the District Court err when it ruled that Sandra's Rule 60(b), M.R.Civ.P., motion to set aside the divorce decree was deemed denied, as a matter of law, 45 days following the date of filing of the motion, pursuant to Rule 60(c), M.R.Civ.P.?

The parties were married in Lakeside California, on June 19, 1971. The couple raised three children during the marriage. On November 21, 1989, Calvin Brown, filed a petition for dissolution with the District Court. The petition contained a standard provision appearing in many uncontested dissolutions regarding the distribution of property, as well as provisions relating to child custody, child support, and maintenance. Sandra was personally served on December 20, 1989, but she failed to make an appearance in District Court. On January 31, 1989, the District Court declared Sandra in default and entered a final decree of dissolution of marriage. On September 14, 1990, Sandra filed a motion to set aside the District Court's order pursuant to Rule 60(b), M.R.Civ.P., on the basis of fraud and lack of personal notice.

2

The District Court held hearings on September 19, 1990, and December 5, 1990. After considering extensive evidence and testimony, on January 9, 1991, the court issued an order which left intact all provisions of the final decree, except those relating to property division, ruling that Sandra had not been personally notified of the property distribution as required by Rule 5(a), M.R.Civ.P. The court concluded that there was not any evidence concerning the allegation of fraud.

Calvin appealed the order to this Court. Sandra filed a motion with this Court requesting that proceeds of the sale of the Brown Ranch be deposited with the Flathead County Clerk of Court. She also filed motions requesting an order of brand inspections of the cows in Calvin's possession, and an order prohibiting the distribution of marital assets. On June 4, 1991, this Court ordered the case to be remanded to District Court because this Court deemed itself the inappropriate forum to hear these issues.

On September 16, 1991, the District Court rescinded its January 9, 1991, order and reinstated the original decree of dissolution, as it had not ruled on Sandra's post-trial motion within 45 days, pursuant to Rule 60(c), M.R.Civ.P. In addition, the District Court denied and dismissed several of Sandra's marital property preservation motions. Sandra appealed the order of the District Court and filed her brief. Calvin filed what he termed a reply brief. Currently, this Court has two appellant briefs before it. Because of our holding, Calvin's appellate brief is deemed moot.

3

The only issue we need to discuss is whether the District Court erred when it ruled that Sandra's Rule 60(b), M.R.Civ.P., motion to set aside the divorce decree was deemed denied as a matter of law 45 days following the date of filing of the motion, pursuant to Rule 60(c), M.R.Civ.P.

Sandra asserts that the District Court is not bound by the time period set forth in Rule 60(c), M.R.Civ.P., when petitioner fails to provide notice to the respondent as required by Rule 5(a), M.R.Civ.P. Rule 60(b), M.R.Civ.P., allows the district court to set aside judgments in case of mistake, inadvertence, excusable neglect, fraud, and newly discovered evidence. The rule does not limit the district court from entertaining an independent action:

> [T]o relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as may be required by law, or to set aside a judgment for fraud upon the court.

Rule 60(b), M.R.Civ.P. This rule also provides that motions made under Rule 60(b) shall be deemed denied if the district court fails to rule on the motion within 45 days. This Court has ruled this to be a mandatory time limit. Lerum v. Logue (1982), 198 Mont. 194, 645 P.2d 418.

In State, Department of Revenue v. Frank (1987), 226 Mont. 283, 735 P.2d 290, we held that the time limitation of Rule 60(c):

> [M]ust be read in light of the principle set out in Rule 60(b), which provides for such an independent action. The residual power of the District Court therein preserved is a complete reservation of the District Court's independent power. Its purpose is to protect equity by "not enforcing a judgment obtained against the public conscience." [Citations omitted.] The residual

4

power portion of Rule 60(b) was enacted particularly to prevent injustice.

Frank, 735 P.2d at 294.

This Court has stated that the upon the completion of the 45-day time limit, the motion is considered denied and jurisdiction is lost over the issue. Bechold v. Chacon (1991), 248 Mont. 111, 809 P.2d 586. In this instance, Sandra was personally served with the petition for dissolution. However, she did not make an appearance in District Court. Sandra filed her Rule 60(b) motion on September 14, 1990. On January 9, 1991, the court ruled that she had not been personally notified regarding the division of property, but that she had been notified regarding other provisions of the decree. The court's decision occurred well past the 45 day time limit for determining motions, and the motion is deemed denied as a matter of law. Therefore, the court lost jurisdiction over the matter. We hold that the District Court did not err in vacating its January 9, 1991, order and reinstating the original divorce decree.

We affirm.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

5

We concur:

_John Conway Harrison_

_Paula M. Gray_

_R. C. McDonough_

_____
Justices