No.  97-100

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

ROBERT L. JOHNSON,

Plaintiff and Appellant,

v.

EAGLES LODGE AERIE 3913, RALPH
DUCHARME, Trustee, and ROBERT
EUGENE ADAMS,

Defendants and Respondents.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Matthew H. OþNeill, French, Mercer, Grainey & OþNeill, Polson,
Montana

For Respondent:

Susan P. Roy, Lucy T. France, Garlington, Lohn & Robinson, Missoula,
Montana

Submitted on Briefs: May 22, 1997

Decided: September 22, 1997
Filed:

_____
Clerk

Justice William E. Hunt delivered the Opinion of the Court.

This is an appeal from the District Court of the Twentieth Judicial District, Lake County. Appellant Robert L. Johnson (Johnson) appeals from the order setting aside default and default judgment. We reverse.

The following issues are presented on appeal:

1. Did the District Court lose jurisdiction by failing to rule within 60 days of the date the motion to set aside the default judgment was filed?

2. Was the motion to set aside default and default judgment deficient as a matter of law, because the defendants failed to attach an affidavit of merits or answer?

3. Did the District Court abuse its discretion when it set aside the default judgment based upon mistake and excusable neglect?

FACTUAL AND PROCEDURAL BACKGROUND

Johnson is a member of Eagles Lodge Aerie #3913. In June 1994, he and other members of the lodge volunteered to clean the premises during a spring clean-up day. Johnson was cleaning shingles on a gazebo over the bar, while standing near the top of a twelve-foot ladder steadied by another lodge member, Respondent Robert Eugene Adams (Adams). Adams allegedly walked away from the ladder without informing Johnson. Johnson became unsteady, and the ladder fell backwards. The ladder caught his foot, and Johnson fell twelve feet landing head first on the floor.

The Eagles Lodge was insured at the time by Capitol Indemnity Corporation (Capitol). It had obtained its insurance through Bishop Insurance Agency (Bishop) in Polson. Johnson took his medical bills to Bishop and requested that the insurance company pay them. Bishop notified Capitol, which ultimately denied the claim.

On May 30, 1995, Johnsonþs counsel telephoned the claims examiner for Capitol and told them a lawsuit would be filed shortly. He requested that Capitol either accept service of process on behalf of the insureds or identify local counsel to accept service of process. Capitol denied the request.

The next day, May 31, 1995, Capitol wrote a letter to the Eagles Lodge and requested that it notify either Capitol or Montana Claims Service, who had investigated the claim on Capitolþs behalf, if it received a complaint and summons.

Johnson filed suit on June 5, 1996, and served the summons and complaint on Eagles Lodge on June 13, 1996, and on Adams on June 17, 1996. Respondent Ralph Ducharme (Ducharme), the trustee for Eagles Lodge, took the complaint to its insurance agent at Bishop, who showed him what was believed to be the most current policy. Ducharme returned to the Lodge and located what he believed to be the same policy that he was shown earlier at Bishop. However, the policy he located was actually an old policy that Eagles Lodge had with Casualty Indemnity Exchange (C.I.E.); it was not the current policy Eagles Lodge had with Capitol. Ducharme forwarded the summons and

complaint to C.I.E. Adams, who had also been served, telephoned Ducharme who assured him that the matter had been forwarded to the insurance company and that everything was being taken care of.

No one answered the complaint and no one made a notice of appearance on behalf of either Eagles Lodge or Adams. The District Court subsequently entered default in favor of Johnson on July 17, 1996, and default judgment on August 21, 1996. The judgment was in the amount of $97,494.13. Prior to requesting entry of default and default judgment, Johnsonþs attorney had contacted an attorney who previously had represented Eagles Lodge in other matters. That attorney stated he would not be appearing on behalf of Eagles Lodge.

At some point, Ducharme received a letter from C.I.E., notifying him that it was in receivership. Ducharme took that letter and a copy of the default judgment to the same attorney with whom Johnsonþs attorney had spoken. On September 17, 1996, the attorney wrote a letter to Bishop informing it of the default judgment and blaming it for allegedly placing insurance with an insurance company that was in receivership.

On October 8, 1996, Employers Reinsurance Corporation, the errors and omissions carrier for Bishop, notified Capitol that default judgment had been entered. Capitol claims that this was the first notice it received that suit had been filed. At this point, it became clear that Ducharme had sent the summons and complaint to the wrong insurance company. Capitol hired counsel to represent the defendants. On October 21, 1996, it filed a motion on behalf of Eagles Lodge and Adams to set aside the default and default judgment. The brief in support of that motion was filed on October 25, 1996.

On October 24, 1996, Johnson filed a motion to disqualify the counsel Capitol had retained, because District Court Judge McNeil, who had entered default judgment, was related to an attorney in that attorneyþs law firm. On November 14, 1996, Judge McNeil recused himself from the case, and on November 15, 1996, District Court Judge Henson assumed jurisdiction. On November 27, 1996, District Court Judge Henson entered an order ruling that the motion to disqualify was thus moot.

Johnson had filed his brief in opposition to the motion to set aside the default judgment on November 12, 1996. After Judge Henson assumed jurisdiction, the reply brief in support of the motion was filed on November 29, 1996.

The District Court set oral argument on the case for December 17, 1996. On January 3, 1997, the District Court entered an order setting aside the default judgment. The order had been signed on December 31, 1996. It is from that order that Johnson appeals.

## DISCUSSION

Did the District Court lose jurisdiction by failing to rule within 60 days of the date the motion to set aside the default judgment was filed?

A court has authority to set aside default judgment in accordance with Rule 60 (b), M.R.Civ.P. See Rule 55(c), M.R.Civ.P. The rules expressly require the court to rule on that motion within 60 days from the date the motion is filed, or the motion is deemed denied. Rule 60(c), M.R.Civ.P. states:

Motions provided by subdivision (b) of this rule shall be determined within the times provided by Rule 59 in the case of motions for new trials and amendment of judgment and if the court shall fail to rule on the motion within the 60 day period, the motion shall be deemed denied.

Rule 59(d), M.R.Civ.P. also provides in part:

If the court shall fail to rule on a motion for a new trial within 60 days from the time the motion is filed, the motion shall, at the expiration of said period, be deemed denied.

The time limits provided for in these rules are mandatory and are strictly enforced. Lerum v. Logue (1982), 198 Mont. 194,196, 645 P.2d 418, 419. In Bechhold v. Chacon (1991), 248 Mont. 111, 809 P.2d 586, for example, the district court had entered an order dismissing a marital dissolution proceeding. Subsequently, it set aside that order, and entered a dissolution decree. We held that the district court had no jurisdiction to set aside the earlier order of dismissal, because it failed to rule on the motion within the time limits proscribed by Rule 60(c), M.R.Civ.P. Accordingly, this Court reinstated the order of dismissal. Bechhold, 809 P.2d at 588. Similarly, in In re Marriage of Miller (1989), 238 Mont. 108, 776 P.2d 1218, we held that the district court lost jurisdiction to entertain a motion to set aside a judgment of a dissolution when it failed to rule on the motion within the time period proscribed by Rules 60(c) and 59(d), M.R.Civ.P. Hence, the order entered by the district court after it lost jurisdiction was invalid. In re Marriage of Miller, 776 P.2d at 1220.

In this case, the motion to set aside the default judgment was filed on October 21, 1996. The court had sixty days or until December 20, 1996, to rule on that motion. However, it did not enter an order until January 3, 1997. By that time, the motion was deemed denied, and the District Court had lost jurisdiction. Accordingly, its order setting aside default judgment is invalid.

Respondents counter that the 60 day time limit did not begin to run until Judge Henson assumed jurisdiction of this case on November 15, 1996. They argue that the motion should not be deemed þfiledþ for purposes of Rules 59(d) and 60(c) until the date the new judge received it. Respondents cite no authority for this argument. Moreover, this position contravenes the express terms of Rule 5(e), M.R.Civ.P., which provides that a paper is filed when it is filed with the clerk of court (unless a judge permits the paper to be filed with the judge, in which case the judge notes the filing date and then transmits it to the clerk of court.) Rule 5(e) does not provide that a paper is filed on the

date a judge, whether new to the case or not, actually obtains it. In this case, respondents filed the motion with the clerk of court on October 21, 1996. Under Montanaþs rules, that is the filing date for purposes of Rules 59(d) and 60(c).

Respondents next argue that for policy reasons the 60 day time limit should not begin to run until Judge Henson assumed jurisdiction of the case. They contend that Johnson unnecessarily delayed proceedings by filing a motion to disqualify their attorney.

They argue that it is conceivable that in some cases a new judge who assumes jurisdiction of a case after a prior judge has recused himself may have only as little as one day to rule on the motion. It may be impossible in such a case for the court to rule within 60 days. According to respondents, enforcing the 60 day time period will thus encourage counsel to file meritless motions to delay proceedings.

No such delay occurred in this case, however. Judge Henson assumed jurisdiction on November 15, before the parties had even finished briefing the motion to set aside the default judgment. Indeed, respondents did not file their reply brief until November 29, 1996. Even after hearing oral arguments on December 17, 1996, the District Court still had several days to enter its order. This Court will not address hypothetical factual situations such as those presented in respondentþs scenario.

Finally, respondents cite Maulding v. Hardman (1993), 257 Mont. 18, 847 P.2d 292, and urge this Court to consider evidence in the record and set aside default judgment even if the District Court did lose jurisdiction. Respondentþs reliance on Maulding is misplaced. In that case, both parties conceded that the district court lost jurisdiction to decide a motion to set aside default judgment when the court failed to timely decide the motion. Maulding, 847 P.2d at 295. However, once the motion was deemed denied by operation of the rules, Hardman, who sought to have the default judgment set aside, timely appealed that denial to this Court. Maulding, 847 P.2d at 295. Hardman had thus preserved the merits of his motion. In the interest of justice and judicial economy, this Court agreed to consider evidence presented at a hearing held after the district court lost jurisdiction. Maulding, 847 P.2d at 296.

In this case, on the other hand, respondents did not file an appeal. Once their motion was deemed denied after December 20, 1996, it was incumbent upon them to appeal the denial in order to preserve the issue as to whether the default judgment should be set aside. They did not do so, and this Court will not consider the merits of the dispute.

Once again, we renew our warning that counsel must carefully follow Rules 59 and 60. Those rules contain mandatory jurisdictional time limitations, to which we strictly adhere. As we stated fifteen years ago in Wallinder v. Lagerquist (1982), 201 Mont. 212, 219, 653 P.2d 840, 843:

Warning. We renew the warning previously stated in recent cases by this Court. Attorneys and District Courts must keep in mind the very real risks involved in the application of Rules 59 and 60, M.R.Civ.P. . . . As demonstrated here, a failure to comply results in a loss of jurisdiction and inability of the trial court and this Court to consider questions raised on the merits.

Because we hold that the District Court failed to rule within 60 days of the date the motion was filed, the matter was deemed denied. The District Court had no jurisdiction to enter its January 3, 1997 order. Having so ruled, we need not discuss the remaining issues raised by Johnson. We reverse and reinstate the default judgment entered August 21, 1996.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART