No. 01-186

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 183


IN RE THE MARRIAGE OF:

DANNY STEPHEN RICHARDS,

Petitioner/Respondent,

v.

JULIE ANN LADUKE RICHARDS,

Respondent/Appellant.


APPEAL FROM: District Court of the Sixth Judicial District,

In and for the County of Park,

The Honorable David Cybulski, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

C. Kathleen McBride, Corette, Pohlman & Keebe, Butte, Montana

For Respondent:

Karl Knuchel, Attorney at Law, Livingston, Montana


Submitted on Briefs: May 10, 2001
Decided: September 6, 2001

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 Danny Richards filed a petition for the dissolution of his marriage to Julie Richards in the District Court for the Sixth Judicial District in Park County on October 3, 1997. After the District Court entered its Findings of Fact, Conclusions of Law and the Decree of Dissolution, Danny filed a motion for reconsideration or a new trial, citing Rules 52(d) and 59(d), M.R.Civ.P. Seventy-six days later the District Court granted Danny's motion for a new trial. Julie appealed the District Court's order. This Court granted Julie's motion to bifurcate the issues raised on appeal and consider first the jurisdictional issue. Having done so, we now reverse the order of the District Court.

¶2 The dispositive issue is whether the District Court exceeded its jurisdiction when it granted Danny's motion for a new trial.

## FACTUAL BACKGROUND

¶3 Danny Richards petitioned for dissolution of his marriage to Julie Richards on October 3, 1997. The trial occurred in Livingston, Montana, on September 21 and 22, 2000. Following trial, the District Court entered its Findings of Fact, Conclusions of Law and Decree of Dissolution on November 14, 2000. The Notice of Entry of Decree was served on November 17, 2000.

¶4 On November 28, 2000, Danny filed a post-trial motion asking the District Court for either reconsideration or a new trial, pursuant to Rules 52(d) and 59(d), M.R.Civ.P. The District Court granted the motion for a new trial on February 14, 2001, seventy-six days after Danny filed his post-trial motion. Julie filed a notice of appeal from this order. This Court granted Julie's motion to bifurcate the issues, allowing the parties to separately brief the issue of the District Court's jurisdiction to enter the February 14, 2001, order and stayed the briefing of additional issues until after resolution of the jurisdictional question.

## STANDARD OF REVIEW

¶5 Whether a district court has jurisdiction to rule on a matter is a question of law which we review to determine whether the district court had authority to act. *General Constructors, Inc. v. Chewculator, Inc.*, 2001 MT 54, ¶ 16, 304 Mont. 319, ¶ 16, 21 P.3d 604, ¶ 16. A court exceeds jurisdiction through acts which exceed the defined power of a court, whether that power be defined by constitutional provisions, express statutes or rules developed by the courts. *Lee v. Lee*, 2000 MT 67, ¶ 20, 299 Mont. 78, ¶ 20, 996 P.2d 389, ¶ 20.

## DISCUSSION

¶6 Did the District Court exceed its jurisdiction when it granted Danny's motion for a new trial?

¶7 On February 14, 2001, the District Court granted Danny's motion for a new trial, seventy-six days after Danny filed his motion. Julie contends that pursuant to Rules 52(d) and 59(d), M.R.Civ.P., the District Court no longer had jurisdiction to act.

¶8 Rule 52(d), M.R.Civ.P provides that:

> Time for Determining Motions. Motions provided under subdivision (b) of this rule shall be determined within the time provided by Rule 59 in the cases of motions for new trial and amendment of judgment and if the court shall fail to rule on the motion within the 60 day period, the motion shall be deemed denied.

Rule 59(d), M.R.Civ.P, provides that "[i]f the court shall fail to rule on a motion for new trial within 60 days from the time the motion is filed, the motion shall, at the expiration of said period, be deemed denied."

¶9 Danny concedes that the 60 day time requirement had passed and that "the case law in Montana, as well as the statutory scheme, clearly sets forth that the sixty (60) day time limit is inviolate." However, Danny contends that an exception should be made in cases such as this, when the presiding judge for the case is substituted between the time that the motion is filed and the motion is ruled upon. Danny contends that to do otherwise would lead to unfair results. In this case, the judge who granted Danny's motion assumed jurisdiction on November 29, 2000, one day after the motion was filed.

¶10 However, time and procedural limitations for motions subsequent to judgment set out

in the Montana Rules of Civil Procedure are mandatory and strictly enforced. *Kelly v. Sell & Sell Paint Contractors* (1978), 175 Mont. 440, 443, 574 P.2d 1002, 1004; *see also Bechhold v. Chacon* (1991), 248 Mont. 111, 809 P.2d 586. And, we have repeatedly warned both judges and attorneys that they must keep careful watch of the requirements set forth in Rule 59 and "failure to comply results in a loss of jurisdiction and inability of the trial court and this Court to consider questions raised on the merits." *Johnson v. Eagles Lodge Aerie 3913* (1997), 284 Mont. 474, 480, 945 P.2d 62, 65; *see also Wallinder v. Lagerquist* (1982), 201 Mont. 212, 219, 653 P.2d 840, 843.

¶11 While the requirements are by design arbitrary, they were implemented to avoid the vagaries and resulting pitfalls that existed because of all the exceptions overlaid on previous rules of post-trial procedure. In other words, we have been there and done that and conclude that in this context, at least, arbitrariness is preferable.

¶12 Therefore, we conclude that the District Court erred when it granted Danny's motion for a new trial after the time to do so had expired. We reverse the District Court's order from February 14, 2001, and reinstate the original Findings of Fact, Conclusions of Law and Decree of Dissolution, dated November 14, 2000.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ PATRICIA COTTER

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON

/S/ JIM REGNIER