No. 04-308

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 327

ROBYN FORSYTHE,

       Plaintiff and Respondent,

  v.

ARIADNE LEYDON,

       Defendant and Appellant.

APPEAL FROM:    The District Court of the Eighteenth Judicial District,
                 In and For the County of Gallatin, Cause No. DV 2001-443,
                 Honorable Katherine M. Irigoin, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Lyman H. Bennett, III, Attorney at Law, Bozeman, Montana

       For Respondent:

       Geoffrey C. Angel, Angel Law Firm, Bozeman, Montana

       Submitted on Briefs:  October 19, 2004

               Decided:  November 23, 2004

Filed:

_____
               Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Ariadne Leydon appeals from the District Court's grant of a new trial to Robyn Forsythe. We reverse.

¶2 We restate the issue on appeal as follows:

¶3 Did the District Court lack jurisdiction to grant Forsythe's motion for a new trial outside of the 60-day deadline mandated by Rule 59(d), M.R.Civ.P.?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Forsythe brought this action against Leydon for injuries arising out of a car accident. After a jury trial and special verdict allocating negligence 50/50, Forsythe moved for the District Court to grant her a new trial. Forsythe withdrew her initial motion, but then renewed it on December 19, 2003. A hearing was held on the issue on February 10, 2004, and the District Court granted Forsythe a new trial on March 3, 2004. Leydon then brought her appeal to this Court, arguing that once the 60-day limit mandated by Rule 59(d), M.R.Civ.P., had expired, the District Court was without jurisdiction to grant a new trial. In response, Forsythe accepts that Rule 59(d) mandates a 60-day limit, and that the District Court's ruling exceeded that limit. However, she argues that the 60-day limit of Rule 59(d) is unconstitutional.

## STANDARD OF REVIEW

¶5 A district court's jurisdiction is a question of law that we review by asking whether the court had the authority to act. *Richards v. Richards*, 2001 MT 183, ¶ 5, 306 Mont. 212, ¶ 5, 31 P.3d 1002, ¶ 5. Constitutional issues of due process involve matters of law and our

2

review is plenary. *In re Mental Health of K.G.F.*, 2001 MT 140, ¶ 17, 306 Mont. 1, ¶ 17, 29 P.3d 485, ¶ 17.

## ISSUE

¶6 *Did the District Court lack jurisdiction to grant Forsythe's motion for a new trial outside of the 60-day deadline mandated by Rule 59(d), M.R.Civ.P.?*

¶7 Rule 59(d), M.R.Civ.P., states, "If the court shall fail to rule on a motion for new trial within 60 days from the time the motion is filed, the motion shall, at the expiration of said period, be deemed denied." March 3, 2004, is unarguably more than 60 days after December 19, 2003. Therefore, as a matter of law and notwithstanding the District Court's March 3 order, Forsythe's motion for a new trial was deemed denied.

¶8 We have upheld this requirement before and have repeatedly emphasized the need for strict adherence to the rule. In a previous appeal where a respondent argued that an exception be made to the 60-day limit of Rule 59, we stated:

> [T]ime and procedural limitations for motions subsequent to judgment set out in the Montana Rules of Civil Procedure are mandatory and strictly enforced. And, we have repeatedly warned both judges and attorneys that they must keep careful watch of the requirements set forth in Rule 59 and "failure to comply results in a loss of jurisdiction and inability of the trial court and this Court to consider questions raised on the merits." . . . .
>
> While the requirements are by design arbitrary, they were implemented to avoid the vagaries and resulting pitfalls that existed because of all the exceptions overlaid on previous rules of post-trial procedure. In other words, we have been there and done that and conclude that in this context, at least, arbitrariness is preferable.

*Richards*, ¶¶ 10-11 (citations omitted). We have upheld the time limits of Rule 59 on several other occasions. *See, e.g.*, *Associated Press v. Crofts*, 2004 MT 120, ¶ 37, 321 Mont. 193, ¶ 37, 89 P.3d 971, ¶ 37; *Johnson v. Eagles Lodge Aerie 3913* (1997), 284 Mont. 474, 479, 945 P.2d 62, 64-65.

¶9 Forsythe argues that the temporal limitations of Rule 59(d) are unconstitutional because they deprive her of procedural due process. She cites no instance of a court, state or federal, striking down a similar time limit on due process grounds. She asserts that the 60-day requirement is arbitrary, but, as we concluded in *Richards*, just because a rule is arbitrary does not mean it should not be favored. Insisting on a firm time-limit advances the cause of justice by bringing predictability to our process. As we said in *Kelly v. Sell & Sell Paint Contractors* (1978), 175 Mont. 440, 443, 574 P.2d 1002, 1003, Rule 59(d) "may in some cases, work harsh results, but it is perhaps more important that the public have the expectation and right to finality of judgments. This can only be accomplished when there is a cut-off time for a District Court to rule."

¶10 We conclude that the 60-day limit of Rule 59(d), M.R.Civ.P., is constitutional and that when that 60-day period expired, the District Court did not have jurisdiction to grant Forsythe's motion for a new trial. The judgment of the District Court is reversed.

/S/ W. WILLIAM LEAPHART

4

We concur:


/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ JIM RICE