DA 07-0273

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 314

FORD MOTOR CREDIT COMPANY,

        Plaintiff and Appellee,

   v.

TARA A. WELLNITZ,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 05-463
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Kristin West, D. Michael Eakin and Jennifer Beardsley, Montana Legal
Services Assn., Billings, Montana

        For Appellee:

                Charles Dendy, Johnson, Rodenberg & Lauinger, Bismarck, North Dakota

                        Submitted on Briefs:  January 8, 2008

                                    Decided:  September 9, 2008

Filed:

                         _____
                               Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 A default judgment was entered in the Thirteenth Judicial District Court, Yellowstone County, against Tara Wellnitz on September 2, 2005. Wellnitz moved to set aside the default judgment on January 22, 2007. After two briefing extensions and the expiration of the 60 day time limit for a decision provided in M. R. Civ. P. 59(d), 60(c), the motion was deemed denied by the District Court. Wellnitz now appeals the District Court's denial. We affirm.

¶2 Wellnitz raises two issues, which we restate as follows:

¶3 1. Must the judgment be reversed because counsel for Ford Motor Credit Company requested extensions of time within which to file its opposition to the motion to vacate the default judgment, which left the District Court too little time to rule on the motion?

¶4 2. Did the District Court err by not granting the motion to vacate the default judgment?

## BACKGROUND

¶5 Wellnitz purchased a 1997 Plymouth Neon on August 7, 2000, from Midland Dodge, Inc. in Billings, Montana. She financed the car purchase through Ford Motor Credit Company (hereinafter referred to as Ford Motor Credit) in the amount of $7,959. Wellnitz defaulted on the obligation. Ford Motor Credit repossessed and sold the car. On April 27, 2005, it filed the complaint in this action which asserted a deficiency of $3,339.64 plus 10% annual interest, accruing after August 7, 2004.

¶6 Ford Motor Credit filed an affidavit of service dated July 21, 2005, which states that Wellnitz was personally served with summons and a copy of the complaint on that same day, at 1890 Woody Drive in Billings.

¶7     Wellnitz did not appear, and default judgment was entered against her on September 2, 2005. After Ford Motor Credit attempted to execute on the judgment, Wellnitz appeared *pro se* by filing a Request for Hearing on Claimed Exemptions. On January 22, 2007, Wellnitz, through counsel, filed an M. R. Civ. P. 60(b) Motion to Vacate Judgment. Along with her motion, Wellnitz filed an affidavit in which she averred that she was not served with the summons and complaint in this action and further that she did not live at the Woody Drive address listed in the affidavit of service at the time it says she was served there. She also attached to her motion copies of Housing Authority of Billings move out paperwork, which stated Wellnitz's tenancy at 1890 Woody Drive ended on July 30, 2004, a year before she was served. She also attached a copy of a lease signed by her, dated July 30, 2004, for an apartment located at 3324 St. Johns Avenue in Billings.

¶8     On February 7, 2007, the parties stipulated to extend the time for briefing the Rule 60(b) Motion to Vacate until February 28, 2007. Ford Motor Credit later moved to extend the time within which to complete its briefing to March 16, 2007. The District Court granted the motion. Ford Motor Credit filed its brief on March 15. Along with its brief, Ford Motor Credit filed an amended affidavit of service, dated January 30, 2007, which stated that Wellnitz was personally served at 3324 St. Johns Avenue on July 21, 2005. It also filed supporting documents, dated June 9, 2005, and July 22, 2005, stating that the process server, GN Account Services, received change of address information on Wellnitz, which reflects her address change before the July 21, 2005, service date in the original Affidavit of Service.

¶9     The 60 day time limit for ruling on an M. R. Civ. P. 60(b) motion expired on March 23, 2007, without the District Court ruling on Wellnitz's motion. Thus, the motion was

3

deemed denied at that time. M. R. Civ. P. 59(d), 60(c). Wellnitz filed a reply brief on March 27, 2007.

## STANDARD OF REVIEW

¶10    As trial on the merits is favored, we review a denial of a motion to set aside a default judgment for "slight abuse" of discretion. In contrast, we review a grant of a motion to set aside a default judgment for "manifest abuse" of discretion. *Lords v. Newman,* 212 Mont. 359, 363-64, 688 P.2d 290, 293 (1984) (quoting *Madson v. Petrie Tractor & Equipment Co.*, 106 Mont. 382, 388, 77 P.2d 1038, 1040 (1938)). *See also Matthews v. Don K Chevrolet*, 2005 MT 164, ¶ 9, 327 Mont. 456, ¶ 9, 115 P.3d 201, ¶ 9; *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 17, 338 Mont. 423, ¶ 17, 166 P.3d 451, ¶ 17.

¶11    Here, Wellnitz's Rule 60(b) motion to vacate a default judgment was deemed denied. We review the denial for slight abuse of discretion.

## DISCUSSION

¶12    *Issue 1: Must the judgment be reversed because counsel for Ford Motor Credit requested extensions of time within which to file its opposition to the motion to vacate the default judgment, which left the District Court too little time to rule on the motion?*

¶13    Rule 60(c) incorporates the strict 60 day time limit for a district court to rule on a motion for relief from a judgment under Rule 60(b). We have consistently enforced this deadline. "The time limits provided in these rules are mandatory and are strictly enforced." *Johnson v. Eagles Lodge Aerie 3913*, 284 Mont. 474, 478, 945 P.2d 62, 64 (1997) (citing *Lerum v. Logue*, 198 Mont. 194, 196, 645 P.2d 418, 419 (1982))**;** *see also Bechhold v. Chacon*, 248 Mont. 111, 113, 809 P.2d 586, 588 (1991). In this instance, the

4

District Court granted Ford Motor Credit an extension of time within which to oppose the motion, leaving itself 7 days to rule on the motion before the 60 day time limit expired. Wellnitz did not oppose this motion for extension of time. Wellnitz presents nothing that would indicate that the District Court acted inadvertently when it granted the motion. We will not presume that the District Court did not know what it was doing. Attorneys are charged with knowing the Rules of Civil Procedure. It is the responsibility of a litigating party to keep track of briefing schedules and oppose a motion for an extension of time should it feel that granting the motion would not leave enough time for the district court to make a ruling before the strict time limit imposed by M. R. Civ. P. 59(d) expires.

¶14 Wellnitz also complains that the extension granted to Ford Motor Credit did not leave enough time for her to file a reply brief. However, she cites us to no rule which is violated. Thus, we do not address this assertion. *See State v. Smith*, 2008 MT 7, ¶ 19, 341 Mont. 82, ¶ 19, 176 P.3d 258, ¶ 19.

¶15 Under these circumstances, we decline to hold that the District Court slightly abused its discretion in not granting M. R. Civ. P. 60(b) relief simply because it granted an extension of time within which to oppose the motion.

¶16 *Issue 2: Did the District Court err by not granting the motion to vacate the default judgment?*

¶17 Wellnitz's motion under M. R. Civ. P. 60(b) was filed more than 60 days after the default judgment in question was entered. Thus, we assume Wellnitz intended to move for relief under 60(b)(6). Rule 60(b)(6) provides that the court may grant relief from a final judgment for "any other reason justifying relief from the operation of the judgment." Once

5

the district court denies a Rule 60(b) motion, it loses jurisdiction to further consider the motion. *Maulding v. Hardman*, 257 Mont. 18, 22, 847 P.2d 292, 295 (1993). However, under § 3-2-204, MCA, this Court may still review proceedings of the trial court that "affect the parties' substantial rights." *Maulding*, 257 Mont. at 22-23, 847 P.2d at 295 (citing *United Farm Agency v. Blome*, 198 Mont. 435, 438, 646 P.2d 1205, 1207 (1982).

¶18 To obtain relief under Rule 60(b)(6) a movant must establish three elements: "(1) extraordinary circumstances; (2) the movant acted to set aside the judgment within a reasonable period of time; and (3) the movant was blameless." *Essex Ins. Co.*, ¶ 25 (citing *in re Paternity of C.T.E.-H*, 2004 MT 307, ¶ 45, 323 Mont. 498, ¶ 45, 101 P.3d 254, ¶ 45).

¶19 As the 60 day time limit expired before Wellnitz filed a reply to Ford Motor Credit's opposition to her motion to vacate, we do not consider this reply in our analysis of whether the District Court slightly abused its discretion.

¶20 The District Court had before it Wellnitz's affidavit that she was not served with process. The record reasonably reflects that she avers the original affidavit of service is erroneous because she had moved away from the address it said she was served at almost a year earlier. In contrast, the District Court had before it both the original affidavit of service and a later, amended affidavit from the process server which states that Wellnitz was indeed personally served at her new address, and that the stated place of service in the original affidavit was a typographical error. A copy of a request by the process server for change of address information on Wellnitz, dated June 9, 2005, which was before the time of service, was also filed with Ford Motor Credit's opposition to the motion.

¶21 Whether Wellnitz had been served with process in this action before the default

6

judgment was entered is the only circumstance presented which could justify relief from the judgment. This is a question of fact which the District Court answered by denying the motion. Wellnitz presents nothing on appeal which indicates that the District Court erred in its determination. No extraordinary circumstances are presented which would justify this Court in reversing the decision of the District Court and setting aside the default judgment.

¶22   Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

7