No. 80-34

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

SUSAN W. THOMAS,

      Petitioner and Appellant,

   -vs-

DR. E. DONALL THOMAS,

      Respondent and Respondent.

---

Appeal from: District Court of the Tenth Judicial District,
In and for the County of Fergus, The Honorable
LeRoy McKinnon, Judge presiding.

Counsel of Record:

    For Appellant:

        Goetz and Madden, Bozeman, Montana

    For Respondent:

        K. Robert Foster, Lewistown, Montana

---

        Submitted on Briefs: August 13, 1980
             Decided: SEP 30 1980

Filed: SEP 30 1980

*Thomas J. Kearney*

                Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment in the Tenth Judicial District, Fergus County, which granted respondent's motion to amend the decree of dissolution and denied petitioner's motion to quash and to vacate.

Susan Thomas, petitioner and appellant, and Dr. E. Donnall Thomas, respondent, were married on July 2, 1973. One child was born to the marriage on May 22, 1975. The principal assets of the marriage consisted of Dr. Thomas' medical practice and the family home in Lewistown, Montana. Other assets included household furnishings, personal effects and two automobiles.

On December 16, 1977, the parties entered into a separation agreement whereby each agreed that pending divorce or reconciliation, Susan would have custody of their child and Dr. Thomas would make maintenance and support payments. Additionally, they agreed that the family residence be left in their joint names and other assets were distributed accordingly. In the event of divorce proceedings, neither party was to be bound by the agreement relating to the property division.

On February 27, 1978, petitioner filed for a dissolution of the marriage, alleging that the marriage was irretrievably broken. The petition requested that she be awarded custody of the child and prayed for child support payments, maintenance payments and an equitable division of all marital assets and liabilities.

On August 24, 1978, a hearing was conducted on the petition. On the second day of trial, the District Court judge made findings of fact and conclusions of law and

entered a written decree. The findings of fact and conclusions of law recited that the marriage was irretrievably broken, that the custody of the child was granted to petitioner and that respondent was to pay reasonable child support payments. The decree awarded petitioner $200 per month for child support and $750 for attorney fees. The findings contained no ruling with respect to petitioner's request for maintenance, and the decree awarded none.

The court's findings contain no determination of the total net worth of the parties. The findings contain no determination of the net worth of the doctor's practice or of the relative financial contributions by either party. The court concluded that respondent should pay a monthly sum to the petitioner until $15,000 has been paid as part of the property settlement.

The findings of fact are inconclusive also as to the family home, the title to which is in joint tenancy. The District Court's Finding of Fact No. 5 states, "[t]hat the parties acquired an equity in a home in Lewistown, of unknown value. . ." No disposition of the home appears in either the court's findings or the decree, thus leaving it in joint tenancy in both of the parties' names.

Five months after the decree was entered, on January 24, 1979, respondent filed a motion requesting that the decree be amended. The motion requested the District Court to award the family home to respondent. The motion was noticed for hearing on February 1, 1979. However, no hearing was held at that time.

Ten months later on November 5, 1979, the District Court set a hearing date. Petitioner moved to quash the motion to amend and attempted to vacate the hearing date.

This motion was denied. On December 5, 1979, the District Court found that it was the original intention of the court to distribute the family home to respondent and that the court had apparently erred in not so providing in the findings of fact and conclusions of law and decree. Respondent claimed mere clerical error which was correctable under Rule 60(a), M.R.Civ.P., and the District Court agreed. Amended findings of fact and conclusions of law and an amended decree were entered on December 10, 1979. The amended decree awarded the family home to respondent, and petitioner now appeals that decree.

The sole issue on appeal is whether the asserted mistake or omission in the original findings of fact, conclusions of law and decree in the District Court's apportionment of marital property was mere "clerical error" and correctable under Rule 60(a), M.R.Civ.P., or whether it was "judicial error," therefore leaving the District Court without jurisdiction to amend the decree because the court did not act within the time set by statute.

Because the house is a major, if not the major, asset of the marriage, the lack of a determination of its equity, value and disposition leads this Court to conclude that the District Court erred in its attempt to amend the decree in question.

Rule 60(a), M.R.Civ.P., provides:

"Clerical mistakes. Clerical mistakes in judgments, orders or other parts of the record, and in pleadings, and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

Rule 60(a) preserves the common-law power of District Courts to correct clerical errors in judgments at any time, since correction of such error by definition does not alter the substantive rights of the parties.

Correction of judgment for "judicial errors" affects the substantive rights of the parties as pronounced in the judgment. A time limitation is imposed on a District Court's power to alter a decree. Motions to amend under Rules 50, 52, and 59, M.R.Civ.P., must be made within ten days following the entry of judgment. Motions to correct judicial mistakes must be made within sixty days after judgment. Rule 60(b), M.R.Civ.P. Respondent's motion to amend was made well after the dates stated. If this Court finds that the error was merely "clerical," under Rule 60(a) the District Court has jurisdiction to amend the decree in this case. If, however, this Court finds that the error was not "clerical" but "judicial," the District Court is without jurisdiction to enter the amended findings of fact and decree because it did not conform to the time limitations.

> "The time and procedural limitations for motions subsequent to judgment . . . are mandatory. Seibel v. Byers (Yurick), 136 Mont. 39, 344 P.2d 129. In recent decisions by this Court, Cain v. Harrington, 161 Mont. 401, 506 P.2d 1375; and Leitheiser v. Montana State Prison, 161 Mont. 343, 505 P.2d 1203, we have reiterated the need to make final the judgments of the District Court subject to appeal that would not unnecessarily lengthen litigation. In Cain and Leitheiser we strictly applied Rule 59, M.R.Civ.P., in order to put to an end the litigation of those actions." Armstrong v. High Crest Oils, Inc. (1974), 164 Mont. 187, 196, 520 P.2d 1081, 1086.

In State ex rel. Union Bank and Trust Co. v. District Court (1939), 108 Mont. 151, 91 P.2d 403, 406, we stated:

> ". . . 'In case of an omission or error in the record, the power exists in the court to amend such record so that it shall conform to the

actual facts and truth of the case; but a court cannot amend its record to correct a judicial error or to remedy the effect of judicial non-action.' . . . 'The authority of a court to amend its record by a nunc pro tunc order is to make it speak the truth, but not to make it speak what it did not speak but ought to have spoken. . .'

"That orders made by a court through mistake, inadvertance, want of sufficient consideration, oversight or otherwise, where they affect the substantial rights of litigants are judicial errors and cannot be corrected or removed by summary action of the court which made them . . ." (Citations omitted.) (Emphasis added.)

Since the family home, next to the doctor's medical practice was the single most valuable and important asset before the court, it is difficult to comprehend how the court could overlook specific apportionment of that asset. It is even more difficult to understand why respondent failed to bring the alleged "omission" to the court's attention by filing a timely motion to amend or clarify the decree, if he really believed the court had erred.

The attempted change by the amended findings and decree adversely affected petitioner's substantive rights by depriving her of her interest in the family home. Such error is judicial and could not be corrected by the District Court except by motion made within the time limitations of Rules 50(b), 52(b), 59 or 60(b)(1), M.R.Civ.P., available for the correction of judicial error. No such motion having been made, the error was correctable only by appeal which was never taken by either of the parties. The District Court, therefore, lacked jurisdiction to make the change effected by his entry of the amended findings and decree.

There is no question that the District Court's original findings and decree are deficient. They fail to make a determination of the parties' total net worth. They fail to

determine the value of respondent's medical practice, the relative financial contribution thereto by each party and to apportion that asset. They fail to determine the parties' equity in the family home and to equitably dispose of that asset by express language. However, since neither party made a timely appeal of the original findings and decree, the parties are bound by it, unless an appropriate proceeding is maintained subsequent hereto for clarification of the findings and decree.

Since the amended findings and decree involve an attempt by the District Court to correct a judicial error which it had no jurisdiction to remedy, they must be set aside and the original findings and decree reinstated. Unfortunately, this result leaves open the possibility of further litigation arising out of the shortcomings in the findings and decree observed above. However, it is a circumstance for which the parties and the court are all responsible, each having had the opportunity to timely clarify the original findings and decree following their entry.

The cause is remanded to the District Court.

John Conway Harrison
_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

-7-