No. 80-383

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

_____

NINA R. DEMPSTER, formerly
known as NINA R. McCONNELL,

Plaintiff and Appellant,

vs.

EARL P. McCONNELL,

Respondent and Respondent.

_____

Appeal from:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin, Montana
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Morrow, Sedivy, Olson, Scully & Eck, Bozeman, Montana

For Respondent:

Berg, Coil, Stokes and Tollefsen, Bozeman, Montana

_____

Submitted on briefs: December 17, 1980

Decided: January 28, 1981

Filed: JAN 2 8 1981

Thomas J. Kearney
_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Petitioner Nina R. Dempster appeals from the judgment of the Eighteenth Judicial District Court, Gallatin County, modifying the child support provision of her decree of divorce to respondent Earl McConnell. We do not reach the issues presented by petitioner. We find that the judgment entered in this case clearly conflicts with the court's findings of fact and conclusions of law. We remand this judgment to the District Court. See, Thomas v. Thomas (1980), ___ Mont. ____, 617 P.2d 133, 37 St.Rep. 1710.

Petitioner and respondent have one minor child, a son named Clinton McConnell. Pursuant to the child custody provisions of the decree of divorce, Clinton resides with petitioner and her family at their farm near Big Timber, Montana. Respondent, an Oregon rancher, is required by this decree to pay petitioner $100 monthly for Clinton's support. Because of inflation and the financial demands for supporting a growing boy, petitioner requested the District Court to modify the decree by increasing respondent's support obligation to $210 monthly. The District Court held a hearing regarding this request and entered the following findings of fact:

"8.

"That as a result of this Court's Judgment, dated January 13, 1975, Respondent was ordered to pay child support to Petitioner for Clint at the rate of $100.00 per month.

"9.

"That since January 13, 1975, the conditions of the Petitioner's needs for support have changed, in that the cost of living has risen, and the cost of raising the minor child has likewise increased, all by more than 100%, and Respondent has the ability to pay substantially more support, and therefore, the current requirement of paying only $100.00 per month as child support is unconscionable.

-2-

"10.

"That the Respondent should pay to Petitioner
the sum of $200.00 per month for the support,
care, custody and education of the minor child,
along with medical and dental expenses he incurs,
beginning on July 1, 1980, with the additional
sum of $100.00 paid into a trust fund for the
exclusive use of the boy."

The Court then used these facts to make the following

conclusions:

"VI.

"That this Court's previous Judgment, dated January
13, 1975, should be modified by increasing the
child support payments to be made by Respondent to
Petitioner to $200.00 per month, plus medical
and dental bills of Clint, beginning July 1, 1980,
with payment of the additional $100.00 into a
trust fund."

The Court requested respondent to prepare an order based

upon these findings and conclusions. A judgment was prepared

and entered, providing the following order for child support:

"3.   That plaintiff (respondent) shall pay the
sum of TWO HUNDRED DOLLARS ($200.00) per month,
plus medical and dental bills of Clinton Earl
McConnell, beginning July 1, 1980; that ONE
HUNDRED DOLLARS ($100.00) per month shall be
paid directly to the defendant (petitioner) and
that an additional ONE HUNDRED DOLLARS ($100.00)
shall be paid into a trust fund established in
the name of Clinton Earl McConnell, said trust
fund to be for the boy's exclusive use.  The
plaintiff, Earl P. McConnell, shall be the
trustee charged with the care and accounting of
said trust fund."

This judgment substantially conflicts with the District

Court's findings and conclusions.  The court found that the

boy's increased support needs rendered the current $100

monthly amount unconscionably low.  The court then concluded

that respondent pay petitioner an extra $100 monthly to be

held in trust to provide for the support needs of the boy.

The judgment conflicts with this conclusion by providing

that respondent keep the increased support payment and hold

it in trust.  As we held in Thomas, supra, we must remand

-3-

this case to the District Court to enter a judgment consistent with its findings. It appears that some person other than the former husband would be an appropriate trustee for the trust fund.

Remanded to the District Court for entry of consistent findings, conclusions and order in conformity with this opinion.

_John C. Sheehy_
Justice

We Concur:

_Frank I. Haswell_
Chief Justice

_Gene B. Daly_

_John Conway Harrison_

_Daniel J. Shea_
Justices

This case was submitted prior to January 5, 1981.