No. 82-184

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

_____

EARL P. McCONNELL,

Plaintiff and Appellant,

vs.

NINA R. DEMPSTER, formerly
known as NINA R. McCONNELL,

Defendant and Respondent.

_____

Appeal from: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Plaintiff:

Berg, Coil, Stokes & Tollefsen; Michael C. Coil, Bozeman,
Montana

For Defendant:

Morrow, Sedivy, Olson & Eck; Edmund P. Sedivy, Bozeman,
Montana

_____

Submitted on briefs: August 19, 1982

Decided: September 10, 1982

Filed: SEP 10 1982

_____ Clerk

4. Determine there is a clear abuse of the discretion of the District Court.

5. Decide that there was an arbitrary exercise of discretion without the employment of conscientious judgment.

6. Hold that child support payments may only be modified upon a showing that there are changes in the situation of the child so substantial and continuous as to make the original child support payments unconscionable.

However, the primary and only issue we need to address is whether the District Court's judgment of May 21, 1981, is supported by substantial credible evidence.

On review, this Court must determine whether there is sufficient evidence in the record to sustain the findings of the District Court. Only when the findings of the District Court are clearly erroneous will they be set aside. Rule 52(a), M.R.Civ.P.; Baer v. Baer (1982), ___ Mont. ___, 647 P.2d 835, 39 St.Rep. 1178.

The record shows that the father proposed the establishment of a trust for the benefit of the child; the mother's expense to support the child is between $210 and $260 per month; the mother is providing housing and transportation for the child and the father of the child is able to provide $200 per month for the child's support and $100 per month in trust for the child's future. In this case, the mother is supplying substantial support by providing housing and transportation.

There is substantial credible evidence in the record to affirm the judgment of the District Court. Therefore, the determination of the father's child support obligation is not clearly erroneous. Rule 52(a), M.R.Civ.P.

Affirmed.

John C. Sheehy
_____
Justice

-3-

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Appeal by husband Earl P. McConnell from a judgment against him in the District Court, Eighteenth Judicial District, Gallatin County. He was ordered to pay to Nina R. Dempster, wife and respondent $200.00 per month child support for their minor son and $100.00 per month to a trust established for the child. We affirm the District Court.

This petition for modification of a child support provision by the mother against the father on behalf of the minor child, Clinton Earl McConnell, was previously before this Court. In Dempster v. McConnell (1981), __ Mont. ___, 622 P.2d 680, 38 St.Rep. 121, the appeal was remanded to the District Court for entry of consistent findings and conclusions in conformity with the opinion of this Court.

A motion to enter judgment on remittitur was made and argued on May 11, 1981. The District Court's judgment on remittitur, entered May 21, 1981, stated:

> "That Plaintiff shall pay the sum of Two Hundred Dollars ($200.00) per month, plus medical and dental bills of Clinton Earl McConnell, beginning July 1, 1981; that an additional One Hundred Dollars ($100.00) shall be paid into a trust fund established in the name of Clinton Earl McConnell, said trust to be for the boy's exclusive use. The Petitioner and Respondent shall be co-Trustees charged with the care and accounting of said trust fund."

The father appeals this order and asks this Court to:

1. Decide whether there is substantial credible evidence to support the findings and conclusions.

2. Overturn the findings and conclusions if there is a clear preponderance of evidence against them.

3. Consider the evidence in the light most favorable to the prevailing party.

-2-

We Concur:

_____
           Chief Justice

_____

_____

_____
              Justices