#23639-rev & rem-JKM

**2006 SD 67**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

THEODORE A. NIST,                    Plaintiff and Appellee,

    v.

SALLY J. NIST,                    Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE THOMAS L. TRIMBLE
Judge

\* \* \* \*

TERRI L. WILLIAMS of
Gunderson, Palmer, Goodsell &
 Nelson                    Attorney for plaintiff
Rapid City, South Dakota                    and appellee.

LINDA LEA M. VIKEN of
Viken Law Firm                    Attorney for defendant
Rapid City, South Dakota                    and appellant.

\* \* \* \*

ARGUED ON MARCH 21, 2006

OPINION FILED **07/26/06**

#23639

MEIERHENRY, Justice.

[¶1.] Ted and Sally Nist were divorced by a judgment and decree of divorce entered on January 19, 1996. Nine years later, Ted sought an order amending the judgment to state expressly that Sally is not entitled to a pro rata share of Ted's pension and survivor benefits under the Foreign Service Act. The trial court granted Ted's motion and amended the judgment *nunc pro tunc*. Sally appeals. We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

[¶2.] Ted and Sally Nist were married on May 21, 1983. During their marriage, Ted served in the federal Foreign Service. After eleven years of marriage, Ted filed for divorce in September 1994. The matter went to trial on September 29, 1995, before the Honorable Circuit Court Judge Roland Grosshans. The marital assets included Sally's pension from the Civil Service Pension Program and Ted's pension from the Foreign Service Pension System. Under federal law, a former spouse has a right to a portion of an ex-spouse's Foreign Service pension unless that right is expressly limited by a waiver or a judge's order. Judge Grosshans announced his ruling at the conclusion of the testimony. Referencing the items of the joint property exhibit, Judge Grosshans divided the assets, explicitly awarding Ted's retirement to Ted and Sally's retirement to Sally.[1] After the trial, the parties waived the entry of findings of fact and conclusions of law. Subsequently, the

---

1. Judge Grosshans stated on the record as follows: "Item 12, FSPS cash value of retirement, $93,498.00 is his. . . . Item 17, the FSPS cash value retirement, [$]54,758 is hers." The parties agree that regarding Item 17, Judge Grosshans meant to reference Sally's Civil Service pension.

-1-

parties made several revisions to and finally agreed upon a proposed Judgment and Decree of Divorce. The judgment and decree did not expressly address Sally's claim to Ted's Foreign Service pension. Judge Grosshans signed the judgment and decree on January 19, 1996, *nunc pro tunc*, September 29, 1995.

[¶3.] A month later, in February 1996, Ted's counsel sought to amend the judgment to expressly divest Sally of any claim to Ted's pension. The parties, however, never reached an agreement, and the judgment was never amended. Ted then asked Sally to sign a waiver of any claim to his pension. Ted signed a waiver of any entitlement to Sally's pension; however, Sally refused to sign a reciprocal waiver regarding Ted's pension. Ted did not pursue the matter until some nine years later when he realized, while preparing for retirement, that without an agreement or specific court order, Sally was still entitled to a pro rata share of his Foreign Service pension.

[¶4.] Thus, in 2005, Ted moved to modify the judgment and decree of divorce. Ted asked the court to amend the original judgment to include a specific declaration that Sally was not entitled to a portion of his pension. Ted argued that Judge Grosshans, who had retired from the bench, did not intend for Sally to receive those benefits. In response, Sally asserted several defenses to Ted's motion and filed a motion to dismiss or, in the alternative, for judgment on the pleadings. In addition, Sally requested alimony in the amount of her pro rata share of Ted's pension should the court grant Ted's motion to amend. Sally also requested attorney's fees.

[¶5.]         On April 19, 2005, the Honorable Circuit Court Judge Thomas L. Trimble held a hearing to consider the parties' motions. Judge Trimble granted Ted's motion to amend the judgment and decree of divorce to include a provision specifically stating that Sally was not entitled to a portion of Ted's Foreign Service pension. Judge Trimble denied Sally's request for alimony and attorney's fees and did not address her equitable claims of laches, waiver, estoppel, and res judicata. Sally appeals Judge Trimble's decision. The case presents the following issue for our consideration:

**ISSUE**

> Whether the trial court erred when it amended, *nunc pro tunc*, the prior judgment and decree of divorce.

**DECISION**

*Amendment of Judgment*

[¶6.]         Ted's motion to amend was based alternatively on SDCL 15-6-60(a) or SDCL 15-6-60(b), and the parties presented argument concerning both subsections on appeal. It appears from the record that the trial judge amended the judgment under SDCL 15-6-60(a).[2] Therefore, we first address the application of Rule 60(a) to the facts of this case.

---

2.      At the hearing on Ted's motion, Judge Trimble did not explicitly indicate upon which statute his decision was based. He stated:

> I've read through the transcript of the decision that was rendered by Judge Grosshans, and basically that's what I'm going to render my decision on. It appears to me in that decision that he specifically gives [Ted]'s retirement to [Ted], which is the FSPS, and [Sally]'s retirement to [Sally], which is the CSRS. The amounts were balanced with other properties in there,

(continued . . .)

-3-

[¶7.]     Rule 60(a) provides, in relevant part:

> Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

_____

(. . . continued)

> alimony, number of things were used. But what I see in going through that was . . . the one apparent thing about him talking about maybe using that to guarantee the alimony, and the fact that—just the way he line-itemed the matter out. There's no question in my mind that's exactly what he did. Consequently, I view this as simply enforcing the property settlement dictated by the judge, and the technical language which is required . . . . The necessity of entering the appropriate language in the decree doesn't alter the property settlement as dictated here by the Court to the parties at the time of the decision. And by adding the language to the decree is only to clarify the decision for purposes of the federal retirement program.

Following that statement, the following exchange took place between Judge Trimble and Sally's attorney:

> Mrs. Viken: I will want to do proposed findings, Your Honor.
>
> The Court: Based upon what? There's no findings.
>
> Mrs. Viken: No, proposed findings on this motion.
>
> The Court: There's no testimony.
>
> . . .
>
> Mrs. Viken: Well there's affidavits and so on.
>
> The Court: I'm not relying on them. I'm relying on the Courts'—that's what I'm saying—I'm relying on the decision of the Court, so there's really not a necessity for [findings].

Judge Trimble's statements establish that he considered Ted's motion under SDCL 15-6-60(a) and the amendment of the judgment as clerical.

SDCL 15-6-60(a).  As we have explained, "clerical corrections include the implementation of what was intended and what the court had accepted as the proper resolution," but failed "to memorialize [as] part of a decision."  Reaser v. Reaser, 2004 SD 116, ¶29, 688 NW2d 429, 438 (citations and quotation marks omitted).  We review a lower court's ruling on a Rule 60(a) motion for an abuse of discretion.  *Cf.* Kocher v. Dow Chem. Co., 132 F3d 1225, 1229 (8thCir 1997) ("We review denials of Rule 60(a) motions for abuse of discretion."); Blanton v. Anzalone, 813 F2d 1574, 1577 (9thCir 1987) ("The standard of review for [a] Rule 60(a) claim is abuse of discretion."); Walsh v. Larsen, 2005 SD 104, ¶6, 705 NW2d 638, 641 ("The decision to grant or deny a motion under [Rule 60(b)] rests with the sound discretion of the trial court and will not be disturbed on appeal unless there has been an abuse of discretion.").

[¶8.]        The application of Rule 60(a) depends on the characterization of the correction sought; that is, whether the correction is due to a clerical error or whether it involves a judicial decision.  A clerical error under Rule 60(a) is a "mistake or omission mechanical in nature," one "which does not involve a legal decision or judgment by an attorney."  *Reaser*, 2004 SD 116, ¶29, 688 NW2d at 438 (citation omitted).  Additionally, the error or omission must be apparent from the record.  *Id.*  Thus, if the correction is clerical, the rule applies; if the correction is substantive, the rule does not apply.  For example, in *Wolff v. Weber*, we held that Rule 60(a) could not be used to correct a referee's mistake in applying the child support guidelines.  1997 SD 52, ¶¶10-13, 563 NW2d 136, 139.  In that case, the record revealed that the referee had misread the guidelines.  *Id.* ¶11.  Instead of

using the amount of support for two children, the referee ordered the amount of support listed in the column for one child. *Id.* We found this mistake was not clerical. *Id.* ¶12. We declined to characterize the child support error as a correction within Rule 60(a). *Id.* We said:

> We find the error here to be one of judicial function rather than a clerical mistake. Determination of a party's child support obligation requires application of the law to the facts of the case and affects the substantive rights of the parties. Such a process can never be held to be merely clerical. SDCL 15-6-60(a) does not authorize "correction" of a mistake of judicial function.

*Id.* Thus, even though the record revealed that the referee unintentionally used the wrong figure from the child support guidelines, we characterized the error as a substantive change that could not be corrected with a Rule 60(a) motion. *Id.* ¶¶11-12. Quoting the Supreme Court of Montana, we said: "'The authority of a court to amend its record by a *nunc pro tunc* order is to make it speak the truth, but not to make it speak what it did not speak but ought to have spoken.'" *Id.* ¶13 (quoting Thomas v. Thomas, 189 Mont 547, 551, 617 P2d 133, 135 (1980)); *see also Reaser*, 2004 SD 116, ¶29, 688 NW2d at 438 (detailing the nature of clerical errors).

[¶9.] As with *Wolff*, the omission in the present case was not a clerical error, but rather was substantive in nature. It involved a judicial function. The judicial function was to determine whether Sally would be able to claim a portion of Ted's federal pension. Even though Judge Grosshans may have intended to preclude Sally from claiming her entitled portion of Ted's pension under the Foreign Service Act, his intention is not clear from the record. The record contains the judgment, which merely provided that "the assets and liabilities shall be divided as set forth on the attached property division sheet." The property division spreadsheet placed

Ted's retirement in the amount of $93,498 in the column marked "Husband" and Sally's retirement in the amount of $54,758 in the column entitled "Wife." Similarly, Judge Grosshans' oral pronouncement gave Ted the cash value of his pension and Sally the cash value of hers. The record contains no other testimony or documentation explaining how the cash value of Ted's retirement amount was calculated or whether the amount included or excluded Sally's entitlement. Sally provided Judge Grosshans with a copy of the federal statute that required a court order or spousal agreement to divest Sally of her entitled share. Nevertheless, the judge made no reference of his intention concerning the federal law either in his oral ruling or in the judgment.[3]

---

3. The relevant portions of that statute provide:

    (a) Entitlement to share in benefits . . .
    (1)(A) *Unless otherwise expressly provided by any spousal agreement or court order governing disposition of benefits under this part,* a former spouse of a participant or former participant is entitled . . . to a share . . . of all benefits otherwise payable to such participant under this part if such former spouse was married to the participant for at least 10 years during service of the participant which is creditable under this subchapter with at least 5 of such years occurring while the participant was a member of the Foreign Service.

    . . .

    (b) Entitlement to survivor benefits . . .
    (1) *Unless otherwise expressly provided for by any spousal agreement or court order governing survivorship benefits under this part* to a former spouse married to a participant or former participant for the periods specified in subsection (a)(1)(a) of this section, such former spouse is entitled to a share . . . of all survivor benefits that would otherwise be payable under this part to an eligible surviving spouse of the participant.

22 USC § 4071j (emphasis added).

[¶10.] Judge Trimble attempted to determine Judge Grosshans' intent from the record and to amend the judgment to reflect that intent. By amending the prior judgment under Rule 60(a), however, Judge Trimble impermissibly made "it speak what it did not speak but [what he thought it] ought to have spoken." *Wolff*, 1997 SD 52, ¶13, 563 NW2d at 139. Similar to the child support obligation in *Wolff*, Sally's entitlement to or divestment of Ted's Foreign Service pension was a judicial function, not a clerical mistake. Consequently, the trial court abused its discretion when it amended the judgment entered by Judge Grosshans.

[¶11.] Our holding applies only to the limited issue of whether the judgment can be amended *nunc pro tunc* pursuant to SDCL 15-6-60(a). Whether it can be amended under SDCL 15-6-60(b) is not before us. The trial court did not address in the first instance Ted's claim for relief under SDCL 15-6-60(b), Sally's claim for alimony, or Sally's equitable defenses of laches, waiver, estoppel, and res judicata. We decline to consider them for the first time on appeal. We, therefore, reverse and remand for the trial court to consider the remaining claims of both parties, including Sally's claim for attorney fees.[4]

[¶12.] Sally is awarded appellate attorney's fees in the amount of $5,000.00.

[¶13.] GILBERTSON, Chief Justice, and SABERS, Justice, concur.

[¶14.] ZINTER, Justice, concurs with a writing.

[¶15.] KONENKAMP, Justice, dissents.

---

4. Sally sought review of the trial court's denial of attorney fees. The issue of attorney fees would need to be reconsidered by the trial court in light of our ruling to remand the remaining claims.

ZINTER, Justice (concurring).

[¶16.]	There are three critical facts that distinguish this case from those involving oversights, omissions, and clerical mistakes. First, under the Foreign Service Act, Sally possessed a statutory entitlement[5] to a future percentage share of the ultimate Foreign Service benefits regardless of the present "cash value"[6] Judge Grosshans placed upon them for purposes of making a property division. Moreover, prior to making that property division, Judge Grosshans was informed of the Act, which specifically required a court order or spousal agreement to divest Sally of her future proportionate share of the Foreign Service retirement benefits. He was also informed in Sally Nist's pretrial briefs that she had rights "under federal law, including the survivor's benefit and a certain percentage." Therefore, Judge Grosshans' use of the *present* cash value and his failure to provide a divestiture clause when he divided the then existing value of the marital estate created uncertainty concerning *Sally's future* statutory *entitlement* under the Foreign Service Act.

[¶17.]	Second, it is also significant that, within the time to appeal from the judgment, the parties apparently realized the legal effect of the judgment because they began negotiations over a spousal waiver. Yet, for reasons not disclosed in the record, the parties failed to resolve that legal dispute at that time by seeking a

---

5.	*See supra* n3 (quoting 22 USC § 4071j(a)-(b)).

6.	The divorce court's reference to each party's retirement plan's cash value was a reference to the present value (at the time of the divorce) of a future stream of estimated retirement benefits, based upon a number of assumptions (including mortality).

clarification from Judge Grosshans. Instead, Theodore waited nine additional years to resurrect the argument in the Rule 60(a) motion that is now before this Court.

[¶18.] Finally, this case is unlike those relied upon by the dissent where the judge who rendered the original judgment was asked to correct his or her own judicial oversight. *See e.g.* Antepenko v. Antepenko, 584 So2d 836, 838 (AlaCivApp 1991) (noting that "[w]hen the correction of such errors through Rule 60(a) is based upon the recollection of the court, it is not subject to contest"). Furthermore, those cases involved relatively easy determinations of oversight. *See e.g.*, Semtner v. Group Health Serv. of Okla., Inc., 129 F3d 1390, 1392 (10thCir 1997) (involving a "readily ascertainable and undisputed" omission); *In re* Walter, 282 F3d 434, 442 (6thCir 2002) (noting that the "bankruptcy court state[d] in clear and unequivocal language that it intended to remove Pruzinsky entirely from the force of the order, and that the order, as modified, did not reflect that intent"). In contrast, in our case, Judge Trimble was asked to divine what retired Judge Grosshans had intended nine years earlier and was asked to do so without the benefit of his testimony.

[¶19.] For all these reasons, it is now impossible to unequivocally categorize Judge Grosshans' failure to divest Sally of *her federal entitlement* as a mere oversight, omission, or clerical mistake.


KONENKAMP, Justice (dissenting).

[¶20.] The Court holds that SDCL 15-6-60(a) (Rule 60(a)) cannot be used to add to the parties' judgment of divorce statutory language reflecting Judge

Grosshans' oral ruling after trial to award the husband his full pension. Contrary to this Court's constricted view of the rule, however, other "courts have usually taken a liberal approach to the terms 'clerical mistakes' and 'errors' arising from oversight or omission, in construing Rule 60(a) for application to a particular correction sought to be made in a judgment, order, or other part of the record." Jean F. Rydstrom, *Construction of Rule 60(a) of Federal Rules of Civil Procedure*, 13 ALR Fed 794 §4 (1972).

[¶21.] Surely, there can be no doubt from Judge Grosshans' announced decision that his intention was to award both spouses their own pensions. The fact that the judgment does not reflect this intention constitutes a simple omission, precisely the kind of error the law allows to be corrected under Rule 60(a). Judge Trimble realized this and properly granted the husband's motion to correct the judgment entered by Judge Grosshans. We are not entitled to reconsider this matter as if the motion had been originally brought before us. On this kind of appeal, our standard of review is most deferential. Unless we can say that Judge Trimble clearly abused his discretion, the decision should stand. Walsh v. Larsen, 2005 SD 104, ¶6, 705 NW2d 638, 641.

[¶22.] All the husband had asked for was that the trial judge's decision be stated in the judgment. That is what the rule was designed to accomplish. Indeed, Rule 60(a) "enables a court to ensure that its orders, judgments, and other parts of its record of proceedings are an accurate reflection of the true actions and intent of the court and the parties." 12 James Wm. Moore, *Moore's Federal Practice* § 60.02[1] (3ded 2006). "It is axiomatic that courts have the power and the duty to

correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake." *In the Matter of* West Texas Marketing Corp., 12 F3d 497, 504 (5thCir 1994).

[¶23.]     Delay in bringing an omission to the attention of the court is not an overriding consideration.  Rule 60(a) allows for the correction "at any time" of clerical mistakes and errors arising from oversight or omission.  SDCL 15-6-60(a); *cf*. Fed R Civ P 60(a).  Although this Court ignores the "omission" part of the rule and thus limits the type of error subject to correction in this case, legal scholars take pains to point out that "Rule 60(a) permits the correction of clerical mistakes in judgments, orders, or other parts of the record *as well as* the correction of errors arising from oversight or omission."  11 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2854 (2ded 1995) (emphasis added).  Whether the mistake is designated a "clerical error" or an "oversight or omission" is of no import.

[¶24.]     In reaching the opposite conclusion, this Court reasons that the judgment cannot be corrected because "[e]ven though Judge Grosshans may have intended to preclude [the wife] from claiming her entitled portion of the husband's pension under the Federal Service Act, his intention is not clear from the record."  Can there really be any doubt what Judge Grosshans intended when he declared that each party was to be awarded the full value of his and her own pension?  It is inconceivable to think that while he said that each would get the full value of his or her pension, at the same time, he really meant that they would nonetheless be entitled to a portion of each other's pensions.  Nothing in his oral decision suggests such an incongruous ruling.  Indeed, in accord with the judge's order to both parties

to sign any documents necessary to effectuate his ruling, the husband followed through with his understanding of the judge's decision:  he signed a written waiver of any claim to the wife's pension.

[¶25.]    Following the divorce trial, the parties agreed upon a proposed judgment and decree of divorce.  Judge Grosshans signed the judgment and decree in January 1996.  A month later, the husband's attorney sought to amend the decree to reflect that the wife had no claim to the husband's pension.  However, the parties were unable to agree and the judgment was never amended.[7]  When the husband began the retirement process, he realized that certain boilerplate language required under the Federal Service Act governing Foreign Service pensions was missing from the decree.  Before the federal government can comply with the decree, this language must be inserted.  Adding the language to reflect the decision Judge Grosshans made is purely a mechanical act, a formality.  It involves no judicial interpretation and no adjustment for an error of law or fact.  It merely corrects an "oversight or omission."

[¶26.]    In a variety of circumstances, federal courts have applied Rule 60(a) to correct the type of omission we have here.  In *Dudley v. Penn-America Ins. Co.*, 313 F3d 662 (2dCir 2002), an amended judgment was approved that corrected a judicial oversight arising from the court's failure to include a monetary award in its original judgment.  The same result was sanctioned in *Semtner v. Group Health Serv. of*

---

7.    That Judge Grosshans was given a copy of the federal statute governing Foreign Service pensions is of no significance because he asked the lawyers to draw the judgment for his signature.  The fact that the original judgment did not contain the language from the federal statute constituted an oversight.

*Oklahoma, Inc.*, 129 F3d 1390 (10thCir 1997) (omission of specific amount of damages may be viewed as a clerical error). Again, in the case of *In re Walter*, 282 F3d 434, 440-41 (6thCir 2002), *cert. denied, Giannetti v. Pruzinsky,* 123 SCt 118, 537 US 885, 154 LEd2d 144, where an order approving settlement failed to strike a party's name so as to preserve his subsequent rights, the appellate court approved the lower court's correction under Rule 60(a) to remove the party in accord with the court's intent.

[¶27.] In state divorce proceedings, correcting an error of this type is not uncommon. Trial courts are often called upon to amend an order to add language to conform to the original intent of the court or the parties. *See* Antepenko v. Antepenko, 584 So2d 836 (AlaCivApp 1991) (omission from decree of award of farm equipment to husband was correctible under Rule 60(a)); Ozment v. Ozment, 11 P3d 635, 639 (OKCivApp 2000) (QDRO); Brooks v. Brooks, 864 SW2d 645, 647 (TexCtApp 1993) (trial court properly corrected divorce judgment to effectuate judge's intention to grant husband half of wife's retirement benefits); Spomer v. Spomer, 580 P2d 1146, 1149-50 (Wyo 1978) (clarifying order properly entered as correction under Rule 60(a) to resolve whether husband's obligation under decree to satisfy "mortgage" was intended to serve as property distribution or maintenance). *See also* Elsasser v. Elsasser, 989 P2d 106 (Wyo 1999). See other state cases cited in James L. Buchwalter, *Amendment of Record of Judgment in State Civil Cases to Correct Judicial Errors and Omissions*, 50 ALR 5th 653 (1997).

[¶28.] We are not here to decide whether we agree or disagree with the original decision made by Judge Grosshans, who is now retired. Our only function

is to decide whether Judge Trimble appropriately amended the judgment to facilitate the decision Judge Grosshans made. Under our standard of review, the question is whether Judge Trimble abused his discretion. The record shows that he did not, and therefore his decision should be affirmed.