MEIERHENRY, Justice.
[¶ 1.] Ted and Sally Nist were divorced by a judgment and decree of divorce entered on January 19, 1996. Nine years later, Ted sought an order amending the judgment to state expressly that Sally is not entitled to a pro rata share of Ted’s pension and survivor benefits under the Foreign Service Act. The trial court granted Ted’s motion and amended the judgment nunc pro tunc. Sally appeals. We reverse and remand.
Factual and Procedukal Background
[¶ 2.] Ted and Sally Nist were married on May 21, 1983. During their marriage, Ted served in the federal Foreign Service. After eleven years of marriage, Ted filed for divorce in September 1994. The matter went to trial on September 29, 1995, before the Honorable Circuit Court Judge Roland Grosshans. The marital assets included Sally’s pension from the Civil Service Pension Program and Ted’s pension from the Foreign Service Pension System. Under federal law, a former spouse has a right to a portion of an ex-spouse’s Foreign Service pension unless that right is expressly limited by a waiver or a judge’s order. Judge Grosshans announced his ruling at the conclusion of the testimony. Referencing the items of the joint property exhibit, Judge Grosshans divided the assets, explicitly awarding Ted’s retirement to Ted and Sally’s retirement to Sally.[1] After the trial, the parties waived the entry of findings of fact and conclusions of law. Subsequently, the parties made several revisions to and finally agreed upon a proposed Judgment and Decree of Divorce. The judgment and decree did not expressly address Sally’s claim to Ted’s Foreign Service pension. Judge Gros-shans signed the judgment and decree on January 19, 1996, nunc pro tunc, September 29,1995.
*89 [¶ 3.] A month later, in February 1996, Ted’s counsel sought to amend the judgment to expressly divest Sally of any claim to Ted’s pension. The parties, however, never reached an agreement, and the judgment was never amended. Ted then asked Sally to sign a waiver of any claim to his pension. Ted signed a waiver of any entitlement to Sally’s pension; however, Sally refused to sign a reciprocal waiver regarding Ted’s pension. Ted did not pursue the matter until some nine years later when he realized, while preparing for retirement, that without an agreement or specific court order, Sally was still entitled to a pro rata share of his Foreign Service pension.
[¶ 4.] Thus, in 2005, Ted moved to modify the judgment and decree of divorce. Ted asked the court to amend the original judgment to include a specific declaration that Sally was not entitled to a portion of his pension. Ted argued that Judge Grosshans, who had retired from the bench, did not intend for Sally to receive those benefits. In response, Sally asserted several defenses to Ted’s motion and filed a motion to dismiss or, in the alternative, for judgment on the pleadings. In addition, Sally requested alimony in the amount of her pro rata share of Ted’s pension should the court grant Ted’s motion to amend. Sally also requested attorney’s fees.
[¶ 5.] On April 19, 2005, the Honorable Circuit Court Judge Thomas L. Trimble held a hearing to consider the parties’ motions. Judge Trimble granted Ted’s motion to amend the judgment and decree of divorce to include a provision specifically stating that Sally was not entitled to a portion of Ted’s Foreign Service pension. Judge Trimble denied Sally’s request for alimony and attorney’s fees and did not address her equitable claims of laches, waiver, estoppel, and res judicata. Sally appeals Judge Trimble’s decision. The case presents the following issue for our consideration:
ISSUE
Whether the trial court erred when it amended, nunc pro tunc, the prior judgment and decree of divorce.
DECISION

Amendment of Judgment

[¶ 6.] Ted’s motion to amend was based alternatively on SDCL 15-6-60(a) or SDCL 15 — 6—60(b), and the parties presented argument concerning both subsections on appeal. It appears from the record that the trial judge amended the judgment under SDCL 15 — 6—60(a).[2] Therefore, we *90 first address the application of Rule 60(a) to the facts of this case.
[¶ 7.] Rule 60(a) provides, in relevant part:
Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.
SDCL 15-6-60(a). As we have explained, “clerical corrections include the implementation of what was intended and what the court had accepted as the proper resolution,” but failed “to memorialize [as] part of a decision.” Reaser v. Reaser, 2004 SD 116, ¶ 29, 688 N.W.2d 429, 438 (citations and quotation marks omitted). We review a lower court’s ruling on a Rule 60(a) motion for an abuse of discretion. Cf. Koeher v. Dow Chem. Co., 132 F.3d 1225, 1229 (8thCir.l997) (“We review denials of Rule 60(a) motions for abuse of discretion.”); Blanton v. Anzalone, 813 F.2d 1574, 1577 (9thCir.l987) (“The standard of review for [a] Rule 60(a) claim is abuse of discretion.”); Walsh v. Larsen, 2005 SD 104, ¶ 6, 705 N.W.2d 638, 641 (“The decision to grant or deny a motion under [Rule 60(b) ] rests with the sound discretion of the trial court and will not be disturbed on appeal unless there has been an abuse of discretion.”).
[¶ 8.] The application of Rule 60(a) depends on the characterization of the correction sought; that is, whether the correction is due to a clerical error or whether it involves a judicial decision. A clerical error under Rule 60(a) is a “mistake or omission mechanical in nature,” one “which does not involve a legal decision or judgment by an attorney.” Reaser, 2004 SD 116, ¶ 29, 688 N.W.2d at 438 (citation omitted). Additionally, the error or omission must be apparent from the record. Id. Thus, if the correction is clerical, the rule applies; if the correction is substantive, the rule does not apply. For example, in Wolff v. Weber, we held that Rule 60(a) could not be used to correct a referee’s mistake in applying the child support guidelines. 1997 SD 52, ¶¶ 10-13, 563 N.W.2d 136, 139. In that case, the record revealed that the referee had misread the guidelines. Id. ¶ 11. Instead of using the amount of support for two children, the referee ordered the amount of support listed in the column for one child. Id. We found this mistake was not clerical. Id. ¶ 12. We declined to characterize the child support error as a correction within Rule 60(a). Id. We said:
We find the error here to be one of judicial function rather than a clerical mistake. Determination of a party’s child support obligation requires application of the law to the facts of the case and affects the substantive rights of the parties. Such a process can never be held to be merely clerical. SDCL 15 — 6— 60(a) does not authorize “correction” of a mistake of judicial function.
*91 Id. Thus, even though the record revealed that the referee unintentionally used the wrong figure from the child support guidelines, we characterized the error as a substantive change that could not be corrected with a Rule 60(a) motion. Id. ¶¶ 11-12. Quoting the Supreme Court of Montana, we said: “ ‘The authority of a court to amend its record by a nunc pro tunc order is to make it speak the truth, but not to make it speak what it did not speak but ought to have spoken.’ ” Id. ¶ 13 (quoting Thomas v. Thomas, 189 Mont. 547, 551, 617 P.2d 133, 135 (1980)); see also Reaser, 2004 SD 116, ¶ 29, 688 N.W.2d at 438 (detailing the nature of clerical errors).
[¶ 9.] As with Wolff, the omission in the present case was not a clerical error, but rather was substantive in nature. It involved a judicial function. The judicial function was to determine whether Sally would be able to claim a portion of Ted’s federal pension. Even though Judge Grosshans may have intended to preclude Sally from claiming her entitled portion of Ted’s pension under the Foreign Service Act, his intention is not clear from the record. The record contains the judgment, which merely provided that “the assets and liabilities shall be divided as set forth on the attached property division sheet.” The property division spreadsheet placed Ted’s retirement in the amount of $93,498 in the column marked “Husband” and Sally’s retirement in the amount of $54,758 in the column entitled “Wife.” Similarly, Judge Grosshans’ oral pronouncement gave Ted the cash value of his pension and Sally the cash value of hers. The record contains no other testimony or documentation explaining how the cash value of Ted’s retirement amount was calculated or whether the amount included or excluded Sally’s entitlement. Sally provided Judge Grosshans with a copy of the federal statute that required a court order or spousal agreement to divest Sally of her entitled share. Nevertheless, the judge made no reference of his intention concerning the federal law either in his oral ruling or in the judgment.[3]
[¶ 10.] Judge Trimble attempted to determine Judge Grosshans’ intent from the record and to amend the judgment to reflect that intent. By amending the prior judgment under Rule 60(a), however, Judge Trimble impermissibly made “it speak what it did not speak but [what he thought it] ought to have spoken.” Wolff, 1997 SD 52, ¶ 13, 563 N.W.2d at 139. Similar to the child support obligation in Wolff, Sally’s entitlement to or divestment of Ted’s Foreign Service pension was a judicial function, not a clerical mistake. Consequently, the trial court abused its *92 discretion when it amended the judgment entered by Judge Grosshans.
[¶ 11.] Our holding applies only to the limited issue of whether the judgment can be amended nunc pro tunc pursuant to SDCL 15 — 6—60(a). Whether it can be amended under SDCL 15 — 6—60(b) is not before us. The trial court did not address in the first instance Ted’s claim for relief under SDCL 15 — 6—60(b), Sally’s claim for alimony, or Sally’s equitable defenses of laches, waiver, estoppel, and res judicata. We decline to consider them for the first time on appeal. We, therefore, reverse and remand for the trial court to consider the remaining claims of both parties, including Sally’s claim for attorney fees.[4]
[¶ 12.] Sally is awarded appellate attorney’s fees in the amount of $5,000.00.
[¶ 13.] GILBERTSON, Chief Justice, and SABERS, Justice, concur.
[¶ 14.] ZINTER, Justice, concurs with a writing.
[¶ 15.] KONENKAMP, Justice, dissents.

. Judge Grosshans stated on the record as follows: "Item 12, FSPS cash value of retirement, $93,498.00 is his.... Item 17, the FSPS cash value retirement, [$]54,758 is hers.” The parties agree that regarding Item 17, Judge Grosshans meant to reference Sally's Civil Service pension.

. At the hearing on Ted's motion, Judge Trim-ble did not explicitly indicate upon which statute his decision was based. He stated:
I've read through the transcript of the decision that was rendered by Judge Grosshans, and basically that's what I’m going to render my decision on. It appears to me in that decision that he specifically gives [Ted]’s retirement to [Ted], which is the FSPS, and [Sally]'s retirement to [Sally], which is the CSRS. The amounts were balanced with other properties in there, alimony, number of things were used. But what I see in going through that was ... the one apparent thing about him talking about maybe using that to guarantee the alimony, and the fact that — -just the way he line-itemed the matter out. There's no question in my mind that's exactly what he did. Consequently, I view this as simply enforcing the property settlement dictated by the judge, and the technical language which is required.... The necessity of entering the appropriate language in the decree doesn't alter the property settlement as dictated here by the Court to the parties at the time of the decision. And by adding the language to the decree is only to clarify the decision for purposes of the federal retirement program.
Following that statement, the following exchange took place between Judge Trimble and Sally's attorney:
*90 Mrs. Viken: I will want to do proposed findings, Your Honor.
The Court: Based upon what? There's no findings.
Mrs. Viken: No, proposed findings on this motion.
The Court: There’s no testimony.
[[Image here]]
Mrs. Viken: Well there’s affidavits and so on.
The Court: I’m not relying on them. I’m relying on the Courts’ — that's what I’m saying — I'm relying on the decision of the Court, so there's really not a necessity for [findings].
Judge Trimble’s statements establish that he considered Ted’s motion under SDCL 15 — 6— 60(a) and the amendment of the judgment as clerical.

. The relevant portions of that statute provide:
(a) Entitlement to share in benefits ...
(1)(A) Unless otherwise expressly provided by any spousal agreement or court order governing disposition of benefits under this part, a former spouse of a participant or former participant is entitled ... to a share ... of all benefits otherwise payable to such participant under this part if such former spouse was married to the participant for at least 10 years during service of the participant which is creditable under this sub-chapter with at least 5 of such years occurring while the participant was a member of the Foreign Service.
[[Image here]]
(b) Entitlement to survivor benefits ...
(1) Unless otherwise expressly provided for by any spousal agreement or court order governing survivorship benefits under this part to a former spouse married to a participant or former participant for the periods specified in subsection (a)(1)(a) of this section, such former spouse is entitled to a share ... of all survivor benefits that would otherwise be payable under this part to an eligible surviving spouse of the participant.
22 USC § 4071j (emphasis added).

. Sally sought review of the trial court’s denial of attorney fees. The issue of attorney fees would need to be reconsidered by the trial court in light of our ruling to remand the remaining claims.